GARDELLA v. BABIGIAN.

1. Joint Adventures—Definition.

A joint adventure is an association of two or more persons to carry out a single business enterprise for profit.

2. Parties—Joint Adventures—Joinder as Plaintiffs—Fraud.

Several persons engaged in common enterprise may join as plaintiffs in action against one or more of their associates who were guilty of actionable fraud in negotiations leading up to consummation of purchase of property.

3. Pleading—Declaration—Misjoinder.

Where first count of declaration alleged fraud by certain defendants in that they misrepresented description of land purchased by plaintiffs on contract, and second count alleged agreement by said defendants and others to contribute toward purchase price of land, but that, on contrary, said defendants were paid certain sum as commission for securing execution of said contract, there was misjoinder both of parties defendant and of causes of action (3 Comp. Laws 1929, § 13962).

4. Same—Amendments—Election of Counts.

Where plaintiffs in two counts set forth two causes of action against different defendants, plaintiffs should have been permitted, on their motion, to file amended declaration, and then have been required to elect on which count they desired to proceed to trial.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 20, 1933. (Docket No. 116, Calendar No. 37,129.) Decided June 5, 1933.

Case by Louis P. Gardella and others against Dickran K. Babigian and others for fraud in the purchase of real estate. From order dismissing the action, plaintiffs appeal. Reversed and remanded.

*Anderson, Wilcox, Lacy & Lawson (C. J. Huddleston,* of counsel), for plaintiffs.

*Frank S. Valenti (W. W. Wicker,* of counsel), for defendant Albert Rosasco.

SHARPE, J. Plaintiffs appeal from an order dismissing their action. It was based on the misjoinder of the parties and causes of action. Plaintiffs asked leave to file an amended declaration, and they allege error on the refusal of the court to permit it to be done as an abuse of discretion on his part.

In the first count of the amended declaration plaintiffs allege that they were personal friends of the defendant Albert Rosasco, and were induced by him to enter into a land contract with him and the defendant Babigian as vendees for the purchase of certain real estate in the county of Oakland; that Rosasco took the plaintiffs "individually and in groups" to the land and pointed out the advantages of making such purchase, and that they jointly contributed $16,000 on the down payment therefor, and afterwards made additional payments thereon; that both Rosasco and Babigian represented to them that the description of the land in the contract conformed to that shown them by Rosasco; that they later discovered that such representation was untrue and declined to make further payments thereon, whereupon the vendor, the defendant McAlpine, as trustee.

for the other named defendants, served upon them a notice of forfeiture, thus terminating their rights under the contract, and that they thereafter "individually and collectively" demanded a return of the money paid by them from Rosasco and Babigian, stated in the bill of particulars to amount to the sum of $47,549.16, and bring this action for the recovery thereof.

In the second count they allege that Rosasco and Babigian each agreed to contribute $2,000 towards the down payment on the contract, and that they supposed they had done so, but they later discovered that such payment had not been made by them, but, on the contrary, Rosasco and Babigian were paid the sum of $5,000 by the vendor, out of the moneys paid in by plaintiffs, as a commission for securing the execution of the land contract by them and the down payment made at that time. They also allege:

"That all of the above-named defendants had knowledge that the defendants, Albert Rosasco and Dickran K. Babigian, were profiting by the transaction without the knowledge or consent of these plaintiffs; that these plaintiffs believed that all of the defendants participated in the transaction, and by their representations profited to the extent of approximately $47,000 of the plaintiffs' money."

These two claims were intermingled in the one count in the declaration first filed.

The contract entered into by the plaintiffs and Rosasco and Babigian for the purchase of the land was a joint adventure on their part. It was made by the vendor with them individually as vendees. A joint adventure was defined in *Fletcher* v. *Fletcher,* 206 Mich. 153, 167:

"As an association of two or more persons to carry out a single business enterprise for profit."

It is a creation of the law, not referred to in any statute. *Gleichman* v. *Famous Players-Lasky Corp.,* 241 Mich. 266, 272. In *Keiswetter* v. *Rubenstein,* 235 Mich. 36, 45 (48 A. L. R. 1049), it was said:

"While, under the present state of the law, courts do not treat a joint adventure as in all respects identical with a partnership, the contractual relations of the parties and nature of their association are so similar and closely akin to a partnership that it is commonly held their rights and liabilities are to be tested by the same rules that govern partnerships."

Section 13962, 3 Comp. Laws 1929, reads as follows:

"The plaintiff may join in one action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice, or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into one action. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into one action."

The right of several persons engaged in a common enterprise to join as plaintiffs in an action against one or more of their associates who were guilty of

actionable fraud in the negotiations leading up to the consummation of a purchase of property was sustained in *Goldman* v. *Cosgrove,* 172 Wis. 462 (179 N. W. 673). This holding was cited with approval in *Johnson* v. *Ironside,* 249 Mich. 35, 45. See, also, *Getty* v. *Devlin,* 54 N. Y. 403, and note in 50 L. R. A. (N. S.) 1046 *et seq.*

There is no allegation in the declaration which in any way connects the defendant Kretzschmar as trustee and the parties whom he represents as such with the misrepresentations made by the defendants Rosasco and Babigian as to the situs of the land described in the contract. It seems clear that under this statute the cause of action for the fraud thus claimed to have been perpetrated on the plaintiffs could not be joined with that in which it was sought to hold the other defendants liable with Rosasco and Babigian as above set forth. In this respect there was a misjoinder, both of the parties defendant and of the causes of action.

In our opinion the plaintiffs might all join in either of said actions. As before stated, the investment made by them was a joint adventure on their part. Had a copartnership been actually formed, it seems clear that these actions might have been brought on its behalf. If a judgment should be recovered, its distribution among the plaintiffs would be a matter of adjustment on their part.

With some reluctance we have concluded that plaintiffs should have been permitted to file the amended declaration and have then been required to elect on which count they desired to proceed to trial.

The order of dismissal will be reversed and set aside, without costs, and the cause remanded with direction to proceed as above indicated.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.