BAJOREK *v.* KURTZ.

1. NUISANCE—ABATEMENT—JOINDER OF PLAINTIFFS.
   Parties may join in a suit to abate a nuisance affecting them in like manner, although perhaps in varying degrees (CL 1948, § 608.1).

2. SAME—JOINDER OF PLAINTIFFS—BILL OF PARTICULARS—PROMOTION OF CONVENIENT ADMINISTRATION OF JUSTICE.
   Owners of different lots used for residence purposes who assert a right to recover damages from cement products manufacturer and operator of heavy trucking equipment for alleged improper conduct but whose bill of particulars indicates that some plaintiffs are seeking to recover for items of damage not asserted by other plaintiffs were improperly joined in one action, since such joinder does not appear to "promote the convenient administration of justice" (CL 1948, § 608.1).

3. PARTIES—MISJOINDER OF PLAINTIFFS.
   Question of joinder of separate causes of action by 25 different groups of owners of subdivision lots against cement products manufacturer and owner of heavy trucking equipment was properly raised by motion to dismiss filed more than 15 days after declaration was filed, where joinder of parties plaintiff in such instance was not authorized by statute or court rule (Court Rule No 27, § 6 [1945]).

4. PLEADING—OBJECTIONS—WAIVER.
   A motion attacking a pleading or any part of it is required to set forth all objections, those not stated being deemed waived (Court Rule No 27, § 6 [1945]).

5. SAME—ACTION.
   A defendant's failure to take prompt and seasonable action as to plaintiff's pleading does not permit a practice and procedure not authorized by statute or court rule.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 9, 1952. (Docket No. 39, Calendar No. 45,350.) Decided December 9, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur, Nuisances § 166.
[3] 39 Am Jur, Parties § 119.
[5] 41 Am Jur, Pleading § 390.

Case by John J. Bajorek and wife and others against Lucille D. Kurtz, doing business as Concrete Block & Products Company, and another for damages to their houses by vibrations caused by defendants' vehicles. Motion to dismiss denied. Defendants appeal. Reversed and remanded for entry of order dismissing declaration.

*Stanley F. Kaczor,* for plaintiffs.

*Kasoff & Young* (*Norman W. Stern,* of counsel), for defendants.

CARR, J. The question at issue in this case is whether the plaintiffs are entitled to join in an action for damages for injuries claimed to have been sustained by their respective properties because of alleged wrongful conduct on the part of the defendants. The declaration, which was filed August 23, 1949, alleges that the named plaintiffs are the owners of record, or purchasers on land contract, of lots in certain subdivisions in the city of Detroit, and that they have used their respective lots for residential purposes for a number of years past. The pleading further alleges that defendant Kurtz is engaged in the manufacture of cement and concrete products at 5740 Martin street in said city, and that in connection with the conduct of said business both of the defendants operate heavy trucks in delivering cement and other materials; that said operation causes loud and rasping noises, vibrations of the earth, and cement dust, all of which interfere with the use and enjoyment by the different plaintiffs of their respective residences. It is further asserted that the vibrations have caused injuries to the buildings of the plaintiffs. Damages sustained by the different plaintiffs as owners of the lots in question and residents of the community are asked on the theory that

the conduct of the defendants in the use of an alley leading to the place of business of defendant Kurtz is unreasonable, unlawful, and constitutes a nuisance as to said plaintiffs and their properties.

On demand a bill of particulars was filed, setting forth the items of damage claimed to have been sustained by each of the plaintiffs, and waiving in each instance the recovery of any amount in excess of $1,000. On December 8, 1949, defendants filed an answer to the declaration, denying liability to the plaintiffs because of the operation of their trucks, and further denying that their conduct has been unreasonable or unlawful. Thereafter and under date of April 23, 1951, defendants filed a motion to dismiss the declaration on the ground of misjoinder of parties plaintiff and of causes of action, asserting that each of said plaintiffs has "a separate and distinct claim as set forth in the bill of particulars and declaration heretofore filed." Following a hearing the motion to dismiss was denied, and defendants, on leave granted, have appealed from the order entered. It is the claim of the appellees that they are entitled to prosecute in 1 action their individual claims for damages against defendants by virtue of the provisions of CL 1948, § 608.1 (Stat Ann § 27.591). Said section reads as follows:

"The plaintiff may join in 1 action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than 1 plaintiff, the causes of action joined must be joint, and if there be more than 1 defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice, or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may,

in any stage of the proceedings, consolidate them into 1 action. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into 1 action."

The interpretation and application of the statute have heretofore been considered by this Court in numerous cases, some of which are cited by counsel in their briefs. In *Gilmer* v. *Miller,* 319 Mich 136, it was held, under the facts there involved, that there was no misjoinder of parties plaintiff. The action was brought to recover moneys that the plaintiffs claimed to have paid to the defendant, as the agent of each and all of them, under a contract. It was asserted that defendant had breached the duty that he owed plaintiffs. Receipt of the payments sought to be recovered was admitted by the answer. The situation was such as to render it proper to determine in 1 action the rights of the respective parties. It was further pointed out, though not expressly determined, that requiring plaintiffs to prosecute separate actions might result in compelling one of them to split her cause of action.

In *Goodrich* v. *Waller,* 314 Mich 456, also cited by appellees, suit was brought in equity by the plaintiffs to set aside assignments, given by them individually to defendant, of their interests in a certain estate. In rejecting defendant's contention that plaintiffs' causes of action were several and could not be joined, it was pointed out that the plaintiffs had like interests in the estate, that the representations claimed to have been made to them by defendant by way of inducement to the execution of the assign-

ments were identical, and that the plaintiffs sought the same relief. The conclusion was reached that the causes of action might properly be joined under the statute to promote the convenient administration of justice.

Of like import is the decision in *Gardella* v. *Babigian,* 263 Mich 514. There the plaintiffs, who had participated in a joint venture involving the purchase of real estate, brought action to recover damages from the defendants on the ground of fraud consisting in misrepresentations as to the situs of the property. It was held that the facts alleged in the declaration were of such character as to permit plaintiffs to join in an action against the parties claimed to have been guilty of the fraud. It was, however, held that the joinder of a defendant, not claimed to have participated in any way in the false representations, in a count seeking recovery on the theory of fraud was improper. *Latimer* v. *Piper,* 261 Mich 123, was a suit in equity for an accounting and for rescission by parties held to have been engaged in a joint venture. In rejecting the claim that there was misjoinder of parties plaintiff, it was said, p 133:

"Each one of the plaintiffs is entitled to the same relief in equity. The representations were identical, whether made to plaintiffs jointly or severally. When the interests in the subject matter and the issues are the same, and the relief sought similar, all of the plaintiffs may join in one action."

It is too well settled to require discussion or citation of authority that parties may join in a suit to abate a nuisance affecting them in like manner, although perhaps in varying degrees. In the ordinary case of this type the relief sought by each plaintiff is identical with that sought by others, and the issues of fact and of law are also identical. Such a situation

comes squarely within the rule quoted above from the opinion in *Latimer* v. *Piper* and is within the scope of the provisions of the statute on which appellees rely. The decisions above cited, as well as others to which counsel have directed attention in their briefs, are consistent with the general proposition expressly declared in *Torrent* v. *Hamilton,* 95 Mich 159, that "each case seems to have been determined with reference to its own facts and circumstances."

In the instant case we have a situation not comparable to that presented in any of the decisions on which appellees rely. Each of the plaintiffs is asserting the right to recover damages from the defendants because of alleged improper conduct on their part. Reference to the bill of particulars filed indicates that some plaintiffs are seeking to recover for items of damage not asserted by other plaintiffs. Clearly the plaintiffs are not seeking the same relief, but each is interested solely in the recovery of damages to him and his property that he asserts have resulted proximately from the acts charged against the defendants.

If these actions may be joined on the theory that such procedure will "promote the convenient administration of justice," the conclusion would seem to follow that all persons injured as the result of the alleged negligence of a defendant in the operation of a motor vehicle, or other wrongful or illegal conduct on the part of a defendant or defendants, may join in one action to recover damages that they have severally sustained. The provisions of the statute, above quoted, have not been regarded by the courts or by the legal profession generally as granting such right of joinder. In *Bostrom* v. *Jennings,* 326 Mich 146, 158, it was said:

"The mentioned statute relied upon by the trial court does not authorize joinder of plural plaintiffs unless their causes of action be joint nor 'permit plaintiff to join causes of action in more than one distinct right or capacity.' *Jones* v. *City of Detroit,* 277 Mich 272. Plaintiff sued in 2 capacities. His individual cause of action and that in his representative capacity constituted 2 distinct causes of action in nowise joint. *Gumienny* v. *Hess,* 285 Mich 411. As such the joinder was improper. See, also, *Boman* v. *Wolverine Power Co.,* 268 Mich 59."

No claim is here made that the causes of action asserted by plaintiffs are joint. Rather, it is argued that to permit such joinder would "promote the convenient administration of justice." It will be noted that under the specific language of the statute "sufficient grounds" must appear in order to warrant the joinder of causes of action for the reason here urged. We think it must be said that grounds of such character are not present in the case at bar. We have a situation presented in which a number of persons assert that they have been injured severally in their property rights because of improper and unlawful acts on the part of defendants. It cannot be said with certainty that the same issues will be presented in all of the 25 cases alleged in the declaration and covered by the bill of particulars. Proofs may show damage in some cases but not in others, and defenses may exist against the rights of certain plaintiffs that are not available against other plaintiffs.

We do not think that it was the intention of the legislature in the enactment of the provisions of the statute relating to joinder of causes of action to permit such method of procedure in a situation of the character here involved. Whether such actions, if separately instituted, might be consolidated for trial or heard together, by order of the court, is not here

involved. We call attention, however, in this respect to *Card* v. *Nemecek,* 331 Mich 614.

It is urged by appellees that defendants' delay in making their motion based on the alleged misjoinder should be held to preclude them from raising the issue. Court Rule No 27, § 6 (1945), requires that a motion attacking a pleading or any part thereof must be filed and served within 15 days after receipt of such pleading. Such a motion is required to set forth all objections, and those not stated in the motion are deemed waived. Such rule was considered and applied in *Baumgarten* v. *Tasco,* 312 Mich 161. There the objections raised went to the sufficiency of the declaration filed by plaintiff, it being the claim of the defendants that conclusions rather than facts were alleged. In the instant case the motion made by defendants was not directed against the sufficiency of the averments in plaintiffs' pleading but went solely to the question whether they could combine their separate causes of action in one. To hold that the attempted joinder of parties plaintiff was not open to question at the time the motion was made, on the ground that defendants had waived such objection, would amount to a recognition of the right of parties to litigation, by failure to take prompt and seasonable action, to observe a practice and procedure not authorized by statute or court rule. The question naturally suggests itself, if such a result can be accomplished by waiver, whether an express stipulation between the parties to the effect that persons having separate and distinct causes of action against a defendant or defendants may unite in a single action combining all their claims must necessarily be given a like effect. See in this connection *Halkes* v. *Douglas & Lomason Co.,* 267 Mich 600.

It is our conclusion that the plaintiffs were not entitled to combine in 1 action their individual claims against the defendants; nor are we in accord with

the claim of appellees that they acquired such right in practical effect because of the failure of the defendants to raise more seasonably the claim of misjoinder of parties plaintiff and causes of action. The order from which the appeal has been taken is reversed, and the cause is remanded to the circuit court with directions to set aside said order and to dismiss the declaration. Appellants may have costs.

ADAMS, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.