DIX v AMERICAN BANKERS LIFE ASSURANCE COMPANY OF
FLORIDA

Docket No. 76382. Argued October 9, 1986 (Calendar No. 16). Decided
November 13, 1987.

Gregory C. Dix and certain others who purchased tax-shelter
annuity policies from the American Bankers Life Assurance
Company of Florida brought an action in the Oakland Circuit
Court against American Bankers and certain of the company's
agents, seeking class certification and alleging material misrep-
resentations and omissions in the sale of the policies. The court,
Alice L. Gilbert, J., denied class certification under GCR 1963,
208 and then dismissed the action on the ground that no
individual plaintiff had a claim exceeding the minimal jurisdic-
tional amount. The Court of Appeals, V. J. BRENNAN, P.J., and
CYNAR and OPPLIGER, JJ., affirmed in an opinion per curiam
(Docket No. 74956). The plaintiffs appeal.

In an opinion by Justice LEVIN, joined by Chief Justice RILEY
and Justices BRICKLEY, CAVANAGH, BOYLE, and ARCHER, the
Supreme Court *held:*

In this case, the count alleging violation of the Consumer
Protection Act involves claims more appropriately heard as a
class action than in separate trials, requiring reversal of the
dismissal of that count and remand for trial as a class action.
The dismissal of the counts alleging fraud and deceit and
breach of fiduciary duty are affirmed. Class actions may be
maintained only in the circuit courts, without regard to the
amount in controversy, provided the other requirements for
maintenance of such actions are satisfied.

1. GCR 1963, 208 provided that a class action may be main-
tained only if there are questions of law or fact common to
members of the class that predominate over questions affecting
only individual members. There was no requirement that all
questions necessary for ultimate resolution be common to the

REFERENCES

Am Jur 2d, Fraud and Deceit § 422.

Am Jur 2d, Parties §§ 61 *et seq.*

Consumer class actions based on fraud or misrepresentation. 53
ALR3d 534.

members of the class, only that there be a common question of law or fact. A second criterion was that the class action promote the convenient administration of justice, and certification would not obtain where a case, although sharing a common question of law or fact, involved disparate issues that would not be manageable in a class action.

2. The trial court and the Court of Appeals denied certification on the ground that it would not promote the convenient administration of justice, that there were too many practical problems to be manageable. However, that criterion does not preclude the maintenance of a class action where the individual claims differ slightly. No two claims are likely to be exactly similar, and almost all claims will involve disparate issues of law and fact to some degree. In this case, the issues were not so disparate as to make a class action unmanageable.

3. The Consumer Protection Act was intended to provide an enlarged remedy for consumers defrauded by deceptive business practices, and specifically provides for the maintenance of class actions. Members of a class proceeding under the act need not individually prove reliance on misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on them. Further, a defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis. Nor is it necessary that the claims of the individual members of the class be aggregated to comply with the jurisdictional amount in controversy. Rather, class actions may be maintained only in the circuit court and without regard to the amount in controversy, provided the other requirements for maintenance of a class action are satisfied.

Affirmed in part, reversed in part, and remanded.

Justice GRIFFIN took no part in the decision of this case.

141 Mich App 650; 367 NW2d 896 (1985) affirmed in part and reversed in part.

1. ACTIONS — CLASS ACTIONS — CONSUMER PROTECTION.

Members of a class proceeding under the Consumer Protection Act alleging deceptive business practices need not individually prove reliance on asserted misrepresentations; it is sufficient if the class can establish that a reasonable person would have relied on them; a defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis (MCL 445.901 *et seq.;* MSA 19.418[1] *et seq.*).

2. ACTIONS — CLASS ACTIONS — CIRCUIT COURTS — AMOUNT IN CONTROVERSY.

Class actions may be maintained only in the circuit courts,

without regard to the amount in controversy, provided the other requirements for maintenance of such actions are satisfied (GCR 1963, 203).

*Hiller, Larky & Hoekenga, P.C.* (by *James A. Hiller* and *Gregory J. Bator*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich, P.C.* and *Kirk D. Messmer*) for defendant American Bankers Life Assurance Company of Florida.

*LaBarge, Dinning & Greve, P.C.* (by *Ronald H. Greve*), for defendants Pawlowski and DeWolf.

*Reid, Reid, Perry, Lasky, Hollander & Chalmers, P.C.* (by *Michael H. Perry*), for defendant Sloan.

Levin, J. The named plaintiffs are thirty-nine school employees who purchased tax-shelter annuity policies from defendant American Bankers Life Assurance Company of Florida. The individual defendants, Richard Pawlowski, Danny G. DeWolf, and John D. Martin Sloan, are three of the agents through whom the annuities were secured.[1]

The plaintiffs commenced this action, alleging common-law fraud and deceit, breach of fiduciary duty, and violation of the Michigan Consumer Protection Act.[2] They claimed that the defendants made material misrepresentations and omissions to persuade them to purchase the annuity policies.[3] They requested class certification, asserting

---

[1] A fourth agent, Louis B. Daniels, apparently was not served.

[2] MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.*

[3] The plaintiffs claimed that American Bankers, through its agents, had made false, deceptive, and misleading representations about the annuity policies and also had omitted important information. The alleged misrepresentations included that the purchasers were establishing a single master annuity account, that the purchasers could freely and without penalty increase or decrease the amount of their

that they would represent in this action the claims of over one thousand school employees in Michigan who had purchased annuity policies from American Bankers Life.

The circuit court denied the request for class certification and granted the defendants' motion for summary judgment. The request for class certification was heard before the effective date of the new Michigan Court Rules. The circuit court allowed the action to proceed[4] under the former rule governing class actions, GCR 1963, 208.

The provisions of GCR 1963, 208 were summarized and discussed in *Grigg v Michigan Nat'l Bank,* 405 Mich 148, 167, 184; 274 NW2d 752

---

annuity-plan deduction, that fees and charges would be paid from the excess interest earned from the purchasers' contributions but not credited to their accounts, that the annuity would never be worth less than the amount contributed, that the break-even point for policies was five years, that the policy, identified as P-1-7400, was nearly identical to policies sold by Prudential and the Michigan Education Association, and that the purchasers would receive periodic statements detailing the monetary worth of their plans.

In addition to these alleged misrepresentations, the plaintiffs contended that there were serious omissions, including that P-1-7400 was a "front-loaded" plan which extracted a significant percentage of a purchaser's money for fifteen years, that when a payroll deduction was increased the increase would not be attributed to an established account but rather would begin a new account with the same fifteen-year commission charges, and that the break-even point was fifteen years, not five years.

[4] MCR 1.102 provides that the new Michigan Court Rules shall govern all proceedings brought on or after March 1, 1985, and all further proceedings in actions then pending. It makes an exception, however, for cases already pending on March 1, 1985, if the court determines that the application of the new rules to that action would not be feasible or would work injustice.

The complaint in the instant case was filed on April 14, 1982. The circuit judge opted to follow the former rule, GCR 1963, 208, rather than the new rule, MCR 3.501, governing class actions. We confine our discussion to GCR 1963, 208 and do not consider the implications of MCR 3.501.

(1979).[5] *Grigg* added that a class action could not be maintained unless the plaintiffs could show that a class action would promote the "convenient administration of justice."

The circuit court held that a class action would not promote the convenient administration of justice because a class action would raise too many practical problems.[6] Having denied the request for class certification, the circuit court dismissed the action because no individual plaintiff had a claim exceeding $10,000, the minimum amount for maintenance of an action in circuit court.

The circuit court, and the Court of Appeals in affirming the decision of the circuit court, relied on this Court's decision in *Freeman v State-Wide Carpet Distributors, Inc,* 365 Mich 313; 112 NW2d 439 (1961), in holding that the plaintiffs' claims presented too many disparate issues of law and fact for a manageable class action.

We affirm the dismissal of the counts of the complaint alleging fraud and deceit and breach of fiduciary duty, reverse the dismissal of the count alleging violation of the Consumer Protection Act,

[5] The opinion in *Grigg* stated that there are seven requirements for a class action under GCR 1963, 208:

(1) There must be an identifiable class.

(2) The number of persons in the class must be so large that it would be impracticable to bring them all before the court.

(3) The person or persons seeking to represent the class must be members thereof.

(4) The interests of the class must be adequately represented.

(5) The right or rights sought to be enforced must be several.

(6) There must be a common question of law or fact affecting the several rights.

(7) Common relief must be sought.

[6] *Grigg* holds that a court must consider whether a class action would raise practical problems in determining whether the "convenient administration of justice" requirement is satisfied under GCR 1963, 208. This consideration is essentially the same as that set forth in MCR 3.501(A)(1)(e), which requires a court to consider whether a class action would be manageable in determining whether it would promote the convenient administration of justice.

and remand the cause to the circuit court for trial of that count as a class action because we are of the opinion that the claims alleged in that count are of a kind that are more appropriately heard as a class action than in separate trials and that a class action would promote the convenient administration of justice.

I

Defendants contend that the plaintiffs have not sought common relief.[7] In *Grigg,* this Court found that the "common relief" requirement was satisfied although the plaintiffs sought actual damages that varied from plaintiff to plaintiff.[8] Each of the plaintiffs in *Grigg* sought to recover double the amount of the finance charges wrongfully assessed —an amount that was different for each plaintiff. In the instant case, each of the plaintiffs seeks to recover what he would have obtained but for defendants' misrepresentations—an amount that will vary from plaintiff to plaintiff depending on the amount invested.

Defendants' reliance on *Bajorek v Kurtz,* 335 Mich 58; 55 NW2d 727 (1952), and *Hardware*

---

[7] See n 5.

[8]

The plaintiff has requested the same relief for herself and for all of the other members of the class—the statutory damages prescribed by 12 USC 85, 86. Although each account may be based upon different cycles, dates of entry, sums to be computed, etc., double the finance charges imposed is the relief sought for all qualifying class members during the two-year period in question.[21]

---

[21] See, generally, 3B Moore's Federal Practice, *supra,* ¶ 23.10[6], pp 23-2721, *et seq.,* and 7 Wright & Miller [Federal Practice and Procedure: Civil], § 1752, pp 536-537.

---

[*Grigg, supra,* p 184.]

*Dealers Mutual Ins Co v R H Hidey, Inc,* 349 Mich 490; 84 NW2d 795 (1957), is misplaced. Those cases dealt with different elements of the former joinder rule.[9] *Bajorek* construed the "convenient administration of justice" requirement of that rule, and *Hardware Dealers* dealt with the requirement that the causes of action be joint. Neither dealt with the requirement that the plaintiffs in a class action (or in joinder, for that matter) must seek "common relief."

II

The court rule provided that a class action may be maintained only if "there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members."[10]

This Court in *Grigg, supra,* p 184, observed:

> [T]here is no requirement in the rule that all questions necessary for ultimate resolution be common to the members of the class—there need only be "*a* common question of law or fact" to satisfy this portion of the rule. However, such matters as diversity of defenses, counterclaims, etc. may bear upon determination of whether this class action would promote the convenient administration of justice. [Emphasis added.]

All the plaintiffs allege a common scheme of misrepresentation, and all allege the same fraud and Consumer Protection Act claims. It thus appears that the common question of law or fact criterion is satisfied subject to meeting the "convenient administration of justice" criterion. This latter criterion poses an additional obstacle

[9] 1948 CL 608.1.
[10] GCR 1963, 208.1(A)(2).

for plaintiffs seeking class certification if their claims—although sharing *a* common question of law or fact—involve disparate issues that would not be manageable in a class action.

### III

The circuit court and the Court of Appeals denied plaintiffs' request for class certification because they found that a class action would not promote the "convenient administration of justice." They held that there were too many practical problems for a manageable class action.

*Freeman* is distinguishable from the instant case because it was based solely on a theory of common-law fraud, while the instant case is also brought under the Consumer Protection Act. We affirm the dismissal of the fraud and deceit and breach of fiduciary duty counts, but reverse the dismissal of the Consumer Protection Act count.

The plaintiffs in *Freeman* were several hundred consumers who had purchased carpet from defendant State-Wide Carpet. They alleged that State-Wide had made fraudulent misrepresentations to induce them to purchase defective carpet. This Court concluded that the request for class certification should be denied, stating that in a fraud action there were too many disparate issues of law and fact for there to be a manageable class action.

The Consumer Protection Act was enacted to provide an enlarged remedy for consumers who are mulcted by deceptive business practices, and it specifically provides for the maintenance of class actions.[11] This remedial provision of the Consumer Protection Act should be construed liberally to broaden the consumers' remedy, especially in situ-

[11] MCL 445.911; MSA 19.418(11).

ations involving consumer frauds affecting a large number of persons.[12]

We hold that members of a class proceeding under the Consumer Protection Act need not individually prove reliance on the alleged misrepresentations.[13] It is sufficient if the class can establish that a reasonable person would have relied on the representations. Further, a defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis under the Consumer Protection Act. So construing the Consumer Protection Act should obviate some of the practical difficulties that *Freeman* envisioned when an action is brought on a common-law fraud theory.

While, as set forth in *Freeman,* a class action should not be allowed if practical problems would make it unmanageable, the issues of fact and law presented in the Consumer Protection Act count do not differ so much from claim to claim that a class action would not be manageable.

The plaintiffs allege a common scheme of misrepresentation involving a single type of policy. The alleged misrepresentations may differ somewhat from plaintiff to plaintiff, but, if the plaintiffs' allegations are true, they are all substantially similar and are all part of a common scheme, they all stem from the same pattern of misrepresentation, and they all are actionable under the Consumer Protection Act.

The "convenient administration of justice" criterion does not preclude the maintenance of a class

[12] See, e.g., *Slaney v Westwood Auto, Inc,* 366 Mass 688; 322 NE2d 768 (1975); *Wolverton v Stanwood,* 278 Or 709; 565 P2d 755 (1977).

[13] See *Affiliated Ute Citizens v United States,* 406 US 128; 92 S Ct 1456; 31 L Ed 2d 741 (1972); *Dolgow v Anderson,* 43 FRD 472, 489 (ED NY, 1968); *Simon v Merrill Lynch, Pierce, Fenner & Smith, Inc,* 482 F2d 880 (CA 5, 1973); *Richland v Cheatham,* 272 F Supp 148 (SD NY, 1967); *Seiffer v Topsy's Int'l, Inc,* 64 FRD 714 (D Kan, 1974).

action where the individual claims differ slightly with regard to such specifics as the time, place, and exact nature of the injury. No two claims are likely to be exactly similar. Almost all claims will involve disparate issues of law and fact to some degree. The relevant concern here is whether the issues are so disparate as to make a class action unmanageable. We conclude they are not.[14]

IV

The defendants contend that the individual plaintiffs should be precluded from aggregating their claims to collectively meet the $10,000 jurisdictional limitation on circuit court jurisdiction. In *Paley v Coca Cola Co,* 389 Mich 583; 209 NW2d 232 (1973), a decision of the Court of Appeals holding that a class action can be maintained only in circuit court was affirmed by an equally divided

---

[14] Defendants Pawlowski and DeWolf contend that the proposed class action would be unmanageable because the plaintiffs and defendants would have to be grouped into several subclasses. Defendants cite federal cases that hold, in essence, that a plaintiff in a class action has standing as against only those defendants with whom he has a case or controversy. See, e.g, *LaMar v H & B Novelty & Loan Co,* 489 F2d 461 (CA 9, 1973); *Akerman v Oryx Communications, Inc,* 609 F Supp 363 (SD NY, 1984). The procedural complexities involved in grouping the plaintiffs and defendants into subclasses, they argue, further militate against a class action promoting the convenient administration of justice.

The proposed class action could well proceed without including the insurance agents as named defendants. All the plaintiffs seek damages from American Bankers Life, and it is American Bankers Life that appears to be the primary target of plaintiffs' action. The other defendants, moreover, could in all events be brought into the controversy for purposes of discovery, as agents of American Bankers Life.

Even if the trial court should determine that subclasses are necessary, this would not make the proposed class action unmanageable. Subclasses would in this case be more a matter of form than substance insofar as their effect on the litigation is concerned. The same issues are involved whether there is one class or several, and either way the choice would not significantly affect the discovery process. There is far more commonality between the possible subclasses than there is disparity. Grouping the parties into subclasses would not significantly hinder the manageability of the class action.

Court. The opinion for affirmance stated that a class action could be brought in a circuit court without regard to the amount in controversy, thus rendering aggregation unnecessary.

We conclude that the opinion for affirmance in *Paley* expresses the view that would best implement the legislative intent in providing for the maintenance of class actions under the Consumer Protection Act.[15] In contrast with litigants in a diversity action in the federal courts,[16] litigants seeking to maintain a class action in a state court would have no further recourse if they are not allowed to bring a class action *somewhere* in the state court system. The rationale for not allowing aggregation in the federal courts is not applicable at the state level.

The circuit court is the trial court of general jurisdiction in this state and is better equipped to adjudicate class actions than is the district court. We hold that class actions may be maintained in the circuit court, and only in the circuit court, without regard to the amount in controversy, provided the other requirements for maintenance of a class action are satisfied.

The dismissal of the counts of the complaint alleging fraud and deceit and breach of fiduciary duty is affirmed, the dismissal of the count alleging violation of the Consumer Protection Act is reversed, and the cause is remanded to the circuit court for proceedings consistent with this opinion.

[15] Subsequent to *Paley,* the Court of Appeals held in *Grettenberger Pharmacy, Inc v Blue Cross-Blue Shield of Michigan,* 98 Mich App 1; 296 NW2d 589 (1980), that aggregation of claims was proper in a class action. We hold that aggregation is unnecessary, and that a class action may be maintained in circuit court without regard to the jurisdictional limit.

[16] See *Snyder v Harris,* 394 US 332; 89 S Ct 1053; 22 L Ed 2d 319 (1969), barring the aggregation of claims in diversity class actions.

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, and ARCHER, JJ., concurred with LEVIN, J.

GRIFFIN, J., took no part in the decision of this case.