776 So.2d 971 (2000)
Raymond T. DAVIS, and William R. Eddy, on behalf of themselves and all others similarly situated, Appellants,
v.
POWERTEL, INC. and Powertel/Jacksonville, Inc., Appellees.
No. 1D00-792.
District Court of Appeal of Florida, First District.
December 29, 2000.
Rehearing Denied February 8, 2001.
*972 Kenneth A. Tomchin and Christopher J. Iseley of Tomchin & Odom, P.A., Jacksonville; Barbara Slott Pegg of Barbara Slott Pegg, P.A., Ponte Vedra Beach, for Appellants.
John A. Tucker and John S. Mills of Foley & Lardner, Jacksonville, for Appellees.
PADOVANO, J.
This appeal presents two issues relating to the requirements for maintaining a class action under the Florida Deceptive and Unfair Trade Practices Act. The first of these is whether a class action for damages requires an allegation that individual members of the class relied on the act or omission that is alleged to be unlawful. The second is whether a class action for declaratory and injunctive relief requires an allegation that the unlawful act will cause continuing harm to consumers who are presently included within the class. For the reasons expressed in this opinion, we answer both questions in the negative.
The essence of the complaint is that Powertel was engaged in the practice of selling name brand cellular telephones to its subscribers without informing them that the phones had been programmed to work only with Powertel's wireless communication service. Powertel offered cellular telephones manufactured by Nokia and Motorola. The plaintiffs alleged that these phones appeared to be the same as Nokia and Motorola models sold in retail outlets, but in fact they contained an embedded chip that rendered them inoperable *973 when used with any other wireless phone service.
Raymond Davis and William Eddy, the named plaintiffs, sought damages under section 501.211(2), Florida Statutes, on their own behalf and on behalf of those who had purchased the modified phones. They argued that the class certification was proper under rule 1.220(b)(3) of the Florida Rules of Civil Procedure, because the claims asserted on behalf of the class predominate over issues affecting individual members of the class. The common feature of the class claims, according to the plaintiffs, was that Powertel's alleged nondisclosure had reduced the value of the phone in each case. This, the plaintiffs argue, was a loss sustained by everyone who purchased the phones, even those who wish to continue to subscribe to Powertel's wireless service.
The complaint also sought declaratory and injunctive relief on behalf of a class. These claims were based on the provisions of section 501.211(1), Florida Statutes. The plaintiffs argued that the court should certify the claims for declaratory and injunctive relief for class litigation under rule 1.220(b)(2), because the effect of Powertel's failure to disclose the modifications of the phones was generally applicable to all members of the class.
Powertel moved to dismiss the complaint, and the trial court granted its motion. The court determined that the plaintiffs were not entitled to class certification on the damages claims, because they could not show that all of the purchasers had relied on Powertel's alleged failure to disclose that the phones had been modified. Some of Powertel's customers may have purchased the modified phones at the same price even if they had known that they would not work with another provider. The trial court drew an analogy to the line of cases holding that claims of fraud cannot be asserted in a class action. The court reasoned that, like a claim for fraud, a claim under the Deceptive and Unfair Trade Practices Act requires proof that the injured party relied on the deceptive misrepresentation or omission.
Additionally, the trial court determined that the plaintiffs had failed to state a valid ground for declaratory or injunctive relief. The court determined that the alleged harm to the named plaintiffs had already been done. Because there is no continuing harm to the plaintiffs or any of the consumers presently included in the proposed class, the court concluded that it would be inappropriate to grant declaratory or injunctive relief.
The amount of the loss sustained by the named plaintiffs was not sufficient to meet the minimum jurisdictional threshold of the circuit court and, evidently, the plaintiffs did not seek to have the case transferred to county court. Consequently, the denial of the request for class certification ultimately resolved the case in the circuit court. On January 25, 2000, the trial court entered a final order dismissing the complaint with prejudice. The plaintiffs filed a timely notice of appeal to seek review by this court.
We begin with the damages issue. If the plaintiffs' claims for damages under the Deceptive and Unfair Trade Practices Act were like claims for fraud, as the trial court reasoned, we would agree that they could not be asserted on behalf of a class. Multiple claims of intrinsic fraud cannot meet the test of commonality under rule 1.220(a)(2), because the issue of reliance is unique to each person who is alleged to have been defrauded. See Osceola Groves, Inc. v. Wiley, 78 So.2d 700 (Fla.1955); Lance v. Wade, 457 So.2d 1008 (Fla.1984). However, we conclude that there is a critical difference between a deceptive trade practice claim and a claim of fraud. A party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue. Hence, the impediment to class litigation that exists for multiple intrinsic fraud claims does not exist in the present case.
*974 The Florida Deceptive and Unfair Trade Practices Act provides that an aggrieved party may initiate a civil action against a party who has engaged in "unfair or deceptive acts or practices in the conduct of any trade or commerce," but it does not define the elements of such an action. See § 501.204(1), Fla. Stat. (1999). Instead, the statute provides that the Florida courts must give "due consideration and great weight" to Federal Trade Commission and federal court interpretations of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C § 45(a)(1). See § 501.204(2), Fla. Stat. (1999). According to the federal decisions, a deceptive practice is one that is "likely to mislead" consumers. See In re International Harvester Co., 104 F.T.C. 949 (1984); In the Matter of Cliffdale Assocs., Inc., 103 F.T.C. 110 (1984); Southwest Sunsites, Inc. v. Federal Trade Comm'n, 785 F.2d 1431 (9th Cir.1986). This standard does not require subjective evidence of reliance, as would be the case with a common law action for fraud.
The objective test adopted by the Federal Trade Commission and the federal courts applies, as well, in a suit in state court under the Florida Deceptive and Unfair Trade Practices Act. See Millennium Communications & Fulfillment, Inc. v. Office of the Attorney General, 761 So.2d 1256 (Fla. 3d DCA 2000).[1] The plaintiff need not prove the elements of fraud to sustain an action under the statute. See W.S. Badcock Corp. v. Myers, 696 So.2d 776 (Fla. 1st DCA 1996); Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985). That is so because the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances.
The standard of proving that an act is deceptive and therefore a violation of the statute is the same in a class action as it is in an action initiated by an individual consumer. As the court explained in Latman v. Costa Cruise Lines, N.V., 758 So.2d 699 (Fla. 3d DCA 2000), members of a class proceeding under the Deceptive and Unfair Trade Practices Act need not prove individual reliance on the alleged representation. The Latman decision has been adopted in the State of Washington, see Pickett v. Holland America Line Westours, Inc., 101 Wash.App. 901, 6 P.3d 63 (2000), and other states have also held that individual proof of reliance is not required in class actions under comparable consumer statutes. See Oliveira v. Amoco Oil Co., 311 Ill.App.3d 886, 244 Ill.Dec. 455, 726 N.E.2d 51 (2000); Dix v. American Bankers Life Assurance Co. of Florida, 429 Mich. 410, 415 N.W.2d 206 (1987); Weinberg v. Sun Co., Inc., 740 A.2d 1152 (Pa.Super.Ct.1999).
We recognize that the "likely to mislead" standard was developed for use with the Federal Trade Commission Act, which has no provision for a suit by a private citizen. Perhaps the need for an objective standard such as this is greater if the action is one that must be pursued by a governmental agency on behalf of the consuming public. A private citizen would have a greater ability to demonstrate the harmful effect of the alleged deceptive trade practice in a given case. Nevertheless, the courts in Florida and other states have adopted the objective standard for private actions under similar consumer protection statutes. In the absence of a more specific provision, therefore, we must assume that the instruction in section 501.204(2) to rely on federal interpretations applies to both public and private actions under Chapter 501.
Based on these principles, we conclude that the claims for damages in this case can be asserted on behalf of a class *975 under rule 1.220(b)(3). All of the claims share one essential common feature; that is, the alleged defective practice reduced the value of the telephones. Because proof of reliance is unnecessary, the plaintiffs' inability to show reliance in every case cannot be used to justify a finding that individual issues will predominate over the class claims. Issues pertaining to the proof of the alleged deceptive practice and issues relating to causation and damages will be common to all members of the class.
We also conclude that the plaintiffs' claims for declaratory and injunctive relief should be certified for class litigation under rule 1.220(b)(2). Powertel maintains that injunctive relief is not available because the trade practice at issue will not cause continuing harm to the named plaintiffs or to the class of existing Powertel customers. However, this argument appears to be at odds with the applicable remedy provision in the Deceptive and Unfair Trade Practices Act, as well as the general purpose of the Act.
Section 501.211(1), Florida Statutes is broadly worded to authorize declaratory and injunctive relief even if those remedies might not benefit the individual consumers who filed the suit. The statute provides that:
Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating or is otherwise likely to violate this part.
The statute is clear on its face. It merely requires an allegation that the consumer is in a position to complain (that he or she is aggrieved by the alleged violation) and that the violation has occurred, is now occurring, or is likely to occur in the future. Nothing in the statute requires proof that the declaratory or injunctive relief would benefit the consumer filing the suit.
This reading of section 501.211(1) is consistent with the overall purpose of the Deceptive and Unfair Trade Practices Act. The Act is designed to protect not only the rights of litigants, but also the rights of the consuming public at large. See § 501.202(2), Fla. Stat. (1999); Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524 (Fla. 1st DCA 1997); Delgado v. J.W. Courtesy Pontiac GMC Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997). It follows that an aggrieved party may pursue a claim for declaratory or injunctive relief under the Act, even if the effect of those remedies would be limited to the protection of consumers who have not yet been harmed by the unlawful trade practice.
For these reasons, we conclude that the trial court erred in dismissing the complaint. The plaintiffs are entitled to assert their claims for damages on behalf of a class under the provisions of rule 1.220(b)(3). Likewise, they are entitled to assert their claims for declaratory and injunctive relief on behalf of a class under the provisions of rule 1.220(b)(2).
Reversed.
JOANOS, J., concurs.
WEBSTER, J., concurs with written opinion.
WEBSTER, J., concurring.
I am troubled by the result we reach because I believe that the potential for mischief will prove to be considerable. Nevertheless, I am satisfied that the result we reach is compelled by the remarkably broad language of the Florida Deceptive and Unfair Trade Practices Act. Should our interpretation of the legislature's intent, as manifested by the words it has chosen, be inconsistent with the legislature's actual intent, it is, of course, free to amend the Act to make that intent clear.
NOTES
[1] Likewise, the objective test applies in state court actions under other state consumer protection statutes. See Hinchliffe v. American Motors Corp., 184 Conn. 607, 440 A.2d 810 (1981); Canady v. Mann, 107 N.C.App. 252, 419 S.E.2d 597 (1992).