962 So.2d 344 (2007)
Larry LINER, individually and on behalf of all others similarly situated, Appellant,
v.
WORKERS TEMPORARY STAFFING, INC., Appellee.
No. 4D05-4729.
District Court of Appeal of Florida, Fourth District.
July 5, 2007.
*345 John G. Crabtree of the Florida Appellate Alliance, PLC, Key Biscayne, David J. George and Stuart A. Davidson, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, Boca Raton, Gregg I. Shavitz and Perry Tanksley of the Shavitz Labor Pool Law Firm, PLC, Boca Raton, and Shannon McLin Carlyle of the Florida Appellate Alliance, PLC, The Villages, for appellant.
T. Todd Pittenger of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, and Thomas R. Tatum of Brinkley, Morgan, Solomon & Tatum, Stanley, Lunny & Crosby, LLP, Fort Lauderdale, for appellee.
James G. Brown of Ford & Harrison, LLP, Orlando, and Allen J. McKenna of Ford & Harrison, LLP, Orlando for amicus curiae Florida Management Attorneys, Inc.
GROSS, J.
This case concerns the constitutionality of a section of the Labor Pool Act, Sections 448.20-448.25, Florida Statutes (2003). We affirm the circuit court's finding that section 448.24(1)(b) is unconstitutionally vague.
The purpose of the Act is to "provide for the health, safety, and well-being of day laborers throughout the state and to establish uniform standards of conduct and practice for labor pools in the state. . . ." § 448.21, Fla. Stat. (2003). Section 448.24(1)(b),[1] which is central to this appeal, limits the amount that a labor pool may charge a day laborer for transportation:
(1) No labor pool shall charge a day laborer:

*346 . . . .
(b) More than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed the prevailing rate for public transportation in the geographic area[.]
For each violation of the Act, a worker is entitled to recover the greater of "actual and consequential damages" or $1,000, and "costs." § 448.25(1), Fla. Stat. (2003). The $1,000 fine provision makes the statute penal in nature; in almost all instances where there might be a statutory violation for overcharging, the $1,000 fine will exceed actual damages. The fine is the statutory hammer designed to deter noncompliance with the statute, just as one purpose of a prison sentence is to deter violations of a criminal law.
Larry Liner worked as a day laborer at a labor hall operated by appellee Workers Temporary Staffing, Inc., which employs 1,500 workers at its Fort Lauderdale branch. WTS charged day laborers $1.50 for a one way trip and $3.00 round trip for transportation to job sites in the Palm Beach, Broward, and Dade County area.
Liner filed a class action complaint against WTS alleging that the labor pool company had violated section 448.24(1)(b) by overcharging day laborers for transportation between WTS labor halls and worksites in southeast Florida. WTS counterclaimed for declaratory relief, contending that section 448.24(1)(b) was unconstitutional.
Pursuant to a case management order, the trial court heard testimony on Liner's individual claim and WTS's declaratory judgment counterclaim. Much of the evidence went to the difficult issue of how to define the terms "reasonable amount," "prevailing rate," and "geographic area" contained in section 448.24(1)(b). Because we hold that the statute is unconstitutional, we do not address the circuit court's rulings on these issues.
Liner contended that he was overcharged 50 cents for each trip and that he incurred $265 in actual damages; Liner sought statutory damages of $177,000 under section 448.25(1).
The circuit court held that section 448.24(1)(b)[2] was unconstitutional under the Due Process Clause of the Federal and Florida Constitutions because the statute failed "to give persons of common intelligence and understanding adequate warning or fair notice of the proscribed conduct." We agree with the analysis of the circuit court.
A statute is "void for vagueness," and thus violates due process, when "its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). As the United States Supreme Court has explained:
Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on *347 an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.
Id. at 108-09, 92 S.Ct. 2294 (footnotes omitted).
Due process is violated when a statute "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning." See D'Alemberte v. Anderson, 349 So.2d 164, 166 (Fla.1977) (quoting Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146 (1927)). A statute is unconstitutional if its "language does not sufficiently convey definite warnings of the proscribed conduct when measured by common understanding and practice." Id.; see also Grayned, 408 U.S. at 108-09, 92 S.Ct. 2294.
In Brown v. State, 629 So.2d 841 (Fla. 1994), the supreme court held that the term "public housing facility" in section 893.13(1)(i), Florida Statutes (Supp.1990), violated the Due Process Clause because it did "not give adequate notice of what conduct [was] prohibited" and because its "imprecision" invited "arbitrary and discriminatory enforcement." Id. at 842. Section 893.13(1)(i) imposed enhanced penalties upon those who sold, purchased, manufactured, delivered, or possessed controlled substances within 200 feet of a public housing facility. The supreme court wrote that the statute did not define a "public housing facility," so that the phrase did not "give citizens fair warning about what conduct is forbidden." Id. at 843. The court declined to consult dictionaries or imagine "a parade of hypothetical horribles" to discern the meaning of the term. Id.; see also Whitaker v. Dep't of Ins. and Treasurer, 680 So.2d 528, 532 (Fla. 1st DCA 1996) (holding section 626.621(6), Florida Statutes, to be unconstitutionally vague because the phrase "`detrimental to the public interest' is subject to many interpretations" and the phrase "`public interest' is left to the fancy of the enforcing agency").
Three terms in section 448.24(1)(b) have the same constitutional deficiency as the phrase "public housing facility" in Brown.
The first problematic term is the concept of a "reasonable amount." A statute criminalizing drug possession would not stand constitutional muster if it allowed possession of a "reasonable amount" of a drug, but subjected the possessor of more than a reasonable amount of the drug to jail time. The concept of "reasonable amount" is not a precise enough standard to give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned, 408 U.S. at 108, 92 S.Ct. 2294. A judge or jury might find that a labor pool that charged $1.10 exceeded a reasonable charge by ten cents, so that it was responsible for a $1,000 fine for each overcharge; another fact finder might find the same charge to be reasonable. Thus, the statute "impermissibly delegates basic policy matters" to judges and juries "for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Id. at 109, 92 S.Ct. 2294.
As the circuit court observed, a second vagueness problem concerns "public transportation," another term not defined by the Labor Pool Act. The legislature has given the term various meanings in different statutes. See § 163.566(8), Fla. Stat. (2006); § 343.62(5), Fla. Stat. (2006). Although Liner contended that the meaning of "public transportation" is limited to bus service, such a limitation is not apparent from the context. Why should the ceiling on charges be limited to bus service, if transportation is to a job site far away from any bus line? As the circuit court observed, the meaning of "public transportation" was "significant because about 60% *348 of Mr. Liner's jobsites were not serviced by a bus route. In order to get to work, he would have had to utilize other forms of public transportation that would have greatly exceeded the $3.00 charged by WTS."
A third vagueness problem identified by the circuit court is the imprecision of the term "geographic area," which is important because it is used to determine the ceiling on permissible charges. WTS charged $3.00 round trip for job sites as far south as Coral Gables and as far north as Boynton Beach. This charge was below the cost of any available public transportation in the tri-county area. Liner amended his complaint to limit his claim to Broward County and contended that "geographic area" meant only one thingcounty boundaries. The trial court succinctly summarized the vagueness problem:
While geographic area could mean the area serviced by WTS, or it could mean the worksites worked by Mr. Liner, [Liner] chose neither since either one would result in a decision favoring WTS. . . . Area serviced? A win for WTS. Jobsites worked? A win for WTS. County boundaries? A win for Mr. Liner. Once again, a wrong guess and WTS is liable for $177,000 in civil penalties plus costs . . . to Mr. Liner alone.
For these reasons, we affirm the order of the circuit court.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] Section 448.24(1)(b) was amended in 2006 to state:

(1) No labor pool shall charge a day laborer:
. . . .
(b) More than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed $1.50 each way[.]
[2] The circuit court also held that section 448.25 is unconstitutional. We do not agree that the section is unconstitutionally vague.