TAYLOR, J.
Tampa Service Company appeals from the trial court’s non-final order granting class certification in this action filed under Florida’s Labor Pool Act. Appellant seeks reversal of the class certification order, contending that it does not conform to the procedural requirements of Florida Rule of Civil Procedure 1.220. It also argues that the plaintiff, whom the trial court appointed as the designated class representative, cannot adequately serve as the fiduciary for the class members. We disagree as to both points and affirm the order on these grounds.
The plaintiff, Robert Hartigan, filed a complaint, alleging that appellant, a labor pool company, violated a provision of Florida’s Labor Pool Act, section 448.24(1)(b), Florida Statutes (2003), by charging its workers in Broward County more than the prevailing rate for public transportation to and from its hiring halls and work sites.[1] He sought certification under Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) of a class consisting of “all natural persons within the State of Florida who performed day labor for Tampa Service, and were charged by Tampa Service for transportation to and/or from a worksite located in Broward County and a Tampa Service labor hall located in Broward County, in excess of the prevailing rate for public transportation within the geographic area.” His complaint requested both in-junctive relief and monetary damages.
After a hearing on the plaintiffs motion for class certification, the court issued an order granting the motion. In its order, the court stated that pursuant to Rule 1.220(a)(1)-(a)(4), the plaintiff established numerosity, commonality, typicality, and adequacy. The court also concluded that injunctive relief may be appropriate. It appointed Hartigan as the class representative.
Tampa Service Company appealed the class certification order, contending that the trial court failed to specifically name the subsections under which the action was maintainable. Rule 1.220(d)(1) states:
[T]he court (A) may allow the claim or defense to be so maintained, and, if so, shall state under which subsection of subdivision (b) the claim or defense is to be maintained, (B) may disallow the class representation and strike the class representation allegations, or (C) may order postponement of the determination pending the completion of discovery concerning whether the claim or defense is maintainable on behalf of a class. (Emphasis supplied).
Tampa Service Company acknowledges that the order “contains some statements *467 that seem to relate” to certain parts of subsection (b), but complains that the order does not conform to Rule 1.220(d)(l)’s express requirement to identify under which of the two subsections of subdivision (b) of the rule that the claim is to proceed. Although the trial court does not expressly state that it certified the action under (b)(2) and (b)(3), the order sufficiently tracks the language in the rule such that it is clear under which subsections the court found the action to be maintainable.
The following language in paragraph 8 of the order mirrors that in subsection (b)(2):
8. Based upon the information presently before the Court, if Plaintiff is successful in establishing the proof to support the allegations made in the amended complaint, he will have established the Defendant’s conduct as being consistent to all members of the class, thereby making possible an Order granting injunctive relief. The decision concerning the issuance of an injunction is to be announced by the Court upon the completion of presentation of testimony.
Subsection (b)(2) of the rule provides:
[T]he party opposing the class has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate!!]
Further, paragraph 7 tracks the language in subsection (b)(3):
7. Resolution of the issue of the propriety or impropriety of the practice alleged to have been engaged in by defendant in reference to plaintiff and the putative [ ] class members, will predominate over any individual issues which may exist with respect to ,the class, only one body of evidence will be necessary to prove liability and mini-trials will not be required. If Plaintiff is successful in proving his case, by so doing he will necessarily prove the cases for each of the other members of the class. If each member of the class was required to retain his or her individual attorney, and litigate this matter on an individual case basis, the expense of litigation would be cost prohibitive and would, more likely than not, from an economic standpoint, prevent individual class members from obtaining the services of competent counsel to pursue the claim.
Subsection (b)(3) of the rule provides:
[T]he claim or defense is not maintainable under either subdivision (b)(1) or (b)(2), but the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.
We conclude that the order sufficiently complies with the procedural requirements of Florida Rule of Civil Procedure 1.220(d) and that certification of the class under both subsections (b)(2) and (b)(3) is not improper where the plaintiff is seeking both monetary damages and injunctive relief. See Seven Hills, Inc. v. Bentley, 848 So.2d 345, 347 (Fla. 1st DCA 2003); Davis v. Powertel, Inc., 776 So.2d 971, 974-75 (Fla. 1st DCA 2000).
In its final point for reversal, appellant argues that the trial court erred for two reasons in appointing Hartigan as class representative. First, appellant asserts that Hartigan has “serious credibility problems” that would impede his ability to adequately represent the class. Second, appellant argues that Hartigan benefited *468 from Tampa Service Company’s transportation over-charges and thus has a conflict of interest with other class members.
The trial court has broad discretion to determine whether a class representative is fit to serve, and the court’s decision will not be disturbed absent a showing of abuse of discretion. See McFadden v. Staley, 687 So.2d 357, 359 (Fla. 4th DCA 1997) (“A trial court’s determination as to the qualifications of plaintiffs to adequately represent a class will not be disturbed on appeal absent a showing of a clear abuse of discretion.”). After reviewing the record in this case, we can find no clear abuse of the court’s discretion in finding Hartigan suitable to serve as the class representative.

Affirmed.

WARNER and STEVENSON, JJ., concur.

. Recently, in Liner v. Workers Temporary Staffing, Inc., 962 So.2d 344 (Fla. 4th DCA 2007), we determined that section 448.24(1)(b), Florida Statutes, is void for vagueness and therefore unconstitutional under the Due Process Clause of the Federal and Florida Constitutions. Liner is now before the Florida Supreme Court as a matter of right-Case No. SC07-1470. See also Art. V, § 3(b)(1), Fla. Const.; Fla. R.App. P. 9.030(a)(1)(A)(ii).