974 So.2d 420 (2007)
K.C. CROMWELL, INC., a North Carolina Corporation, as successor to K.C. Cromwell, a Florida corporation f/k/a Spartan Staffing, Inc. d/b/a Workforce, U.S.A., Appellant/Cross-Appellee,
v.
Michael R. POLLARD, Appellee/Cross-Appellant.
No. 2D06-1010.
District Court of Appeal of Florida, Second District.
October 12, 2007.
*421 Frank E. Brown of Macfarlane Ferguson & McMullen, Tampa, for Appellant/Cross-Appellee.
James G. Brown and Allen J. McKenna of Ford & Harrison LLP, Orlando, for Amicus Curiae Academy of Florida Management Attorneys, Inc.
John G. Crabtree of The Florida Appellate Alliance, PLC, Key Biscayne; Shannon McLin Carlyle of The Florida Appellate Alliance, PLC, The Villages; Gregg I. Shavitz and Perry Tanksley of The Shavitz Labor Pool Law Firm, PLC, Boca. Raton; and David. J. George and Stuart A. Davidson of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, Boca Raton, for Appellee/Cross-Appellant.
SALCINES, Judge.
K.C. Cromwell, Inc., d/b/a Workforce, U.S.A. ("Workforce"), appeals the final judgment for $160,000 in damages awarded to Michael Pollard based on the circuit court's determination that it violated section 448.24(1)(b), Florida Statutes (2000-2003). We reverse.[1]
Workforce operates a daily temporary staffing service and is a "labor pool" as defined in section 448.22(1) of the Florida Labor Pool Act. Mr. Pollard was a day laborer who was employed by Workforce from February 12, 2000, until April 23, 2003. While employed by Workforce, Mr. Pollard used a service it provided which transported him from the Bradenton offices to and from designated worksites within Manatee County.[2] Workforce charged Mr. Pollard a fee for the transportation service and was paid by payroll deduction. The fee charged by Workforce ranged from $1 to $1.50 per one-way trip.
Mr. Pollard brought an action alleging that Workforce violated section 448.24(1)(b) which outlines the duties and rights of the labor pool and day laborer with regard to charges for transportation. The version of this statute in effect from 2000 through 2003 provides that a labor pool may not charge a day laborer "[m]ore than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed the prevailing rate for public transportation in the geographic area."[3]
*422 The trial court held that the Manatee County Area Transit System rate of $1 for each one-way trip was the prevailing rate for public transportation in the Manatee County geographic area. It concluded that in order to comply with section 448.24(1)(b), $1 was the maximum amount Workforce could have deducted from Mr. Pollard's pay and found that Workforce violated the statute on IN occasions. In accordance with section 448.25, the trial court awarded Mr. Pollard damages in the amount of $1000 for each violation. On appeal, Workforce asserts that the final judgment should be reversed because the version of section 448.24(1)(b) in effect in 2000 through 2003 is unconstitutionally vague.
On markedly similar facts, the Fourth District Court of Appeal recently addressed the constitutionality of section 448.24(1)(b) in Liner v. Workers Temporary Staffing, Inc., 962 So.2d 344 (Fla. 4th DCA 2007). The Fourth District upheld the circuit court's determination that the 2003 version of the statute is unconstitutionally vague. We agree, adopt the rationale of the Fourth District as stated in Liner, and declare that the version of section 448.24(1)(b) in effect in 2000 through 2003 is unconstitutionally vague.
Reversed.
WHATLEY and STRINGER, JJ., concur.
NOTES
[1] Because we reverse the trial court's final judgment, we do not address the issues raised in Mr. Pollard's cross-appeal.
[2] Mr. Pollard also was employed to work at jpbsites located in Sarasota, Hillsborough, and Pinellas counties, but he restricted the allegations in, his complaint to relate only to his employment in Manatee County.
[3] The language of section 448.24(b)(1) remained unchanged from 2000 until it was amended in 2006. See Ch.2006-10, § 1, Laws of Fla. (effective July 1, 2006).