ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 LaROSE,
 
 [1]
 
 Judge.
 

 This case is before us on remand from the Supreme Court of Florida for reconsideration after
 
 Liner v. Workers Temporary Staffing, Inc.,
 
 990 So.2d 473 (Fla.2008)
 
 (Liner
 
 II).
 
 See Pollard v. K.C. Cromwell, Inc.,
 
 18 So.3d 975 (Fla.2009).
 

 K.C. Cromwell, Inc., d/b/a Workforce, U.S.A. (Workforce), appealed a final judgment awarding Michael Pollard $160,000 in statutory damages for violations of section 448.24(l)(b), Florida Statutes (2000-2003). In light of
 
 Liner II,
 
 we affirm, in part, and reverse, in part.
 

 Our prior opinion details the operative facts:
 

 Workforce operates a daily temporary staffing service and is a “labor pool” as defined in section 448.22(1) of the Florida Labor Pool Act. Mr. Pollard was a day laborer who was employed by Workforce from February 12, 2000, until April 23, 2003. While employed by Workforce, Mr. Pollard used a service it provided which transported him from the Bradenton offices to and from designated worksites within Manatee County. Workforce charged Mr. Pollard a fee for the transportation service and was paid by payroll deduction. The fee charged by Workforce ranged from $1 to $1.50 per one-way trip.
 

 Mr. Pollard brought an action alleging that Workforce violated section 448.24(l)(b) which outlines the duties and rights of the labor pool and day laborer with regard to charges for transportation. The version of this statute in effect from 2000 through 2003 provides that a labor pool may not charge a day
 
 *947
 
 laborer “[mjore than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed the prevailing rate for public transportation in the geographic area.” The trial court held that the Manatee County Area Transit System rate of $1 for each one-way trip was the prevailing rate for public transportation in the Manatee County geographic area. It concluded that in order to comply with section 448.24(l)(b), $1 was the maximum amount Workforce could have deducted from Mr. Pollard’s pay and found that Workforce violated the statute on 160 occasions. In accordance with section 448.25, the trial court awarded Mr. Pollard damages in the amount of $1000 for each violation.
 

 K.C. Cromwell, Inc. v. Pollard,
 
 974 So.2d 420, 421-22 (Fla. 2d DCA 2007) (internal footnotes omitted).
 
 [2]
 

 We reversed the trial court’s decision, adopting the Fourth District’s rationale in
 
 Liner v. Workers Temporary Staffing, Inc.,
 
 962 So.2d 344 (Fla. 4th DCA 2007)
 
 (Liner I),
 
 and held that section 448.24(1)(b), Florida Statutes (2000-2003) was unconstitutionally vague. Subsequently, the supreme court reversed
 
 Liner 1,
 
 holding that section 448.24(l)(b) provided a single standard of “reasonable amount” for evaluating labor pool transportation fees and, thus, was not unconstitutionally vague.
 
 Liner II,
 
 990 So.2d at 478-79. Accordingly, we now affirm the trial court’s ruling that section 448.24(l)(b) is constitutional.
 

 Liner II
 
 also addressed whether the uniform transportation price of $1.50 each way to and from worksites exceeded the prevailing public transportation rate.
 
 Liner II,
 
 990 So.2d at 480-81. The
 
 Liner
 
 plaintiffs argued that the prevailing public transportation rate was the $1 one-way Broward County bus fare.
 
 Id.
 
 at 475-76. The supreme court rejected this argument; “public transportation” was not limited to bus travel, particularly because buses did not provide site-to-site service to work-sites.
 
 Id.
 
 at 481. The record before the supreme court contained evidence of alternative public transportation rates.
 
 Id.
 
 at 476, 481. The average cost to ensure timely site-to-site arrival to a random sample of job assignments was $32, measured by bus fare to the stop closest to the worksite plus taxi fare from there to the worksite.
 
 Id.
 
 The supreme court concluded that the labor pool company’s uniform price of $1.50 each way to worksites did not exceed the prevailing public transportation rate, was reasonable, and did not violate section 448.24(l)(b).
 
 Id.
 
 at 481-82.
 

 Applying the supreme court’s interpretation of the statute, we reverse the trial court’s finding that the Manatee County Area Transit (MCAT) bus rate of $1 for each one-way trip was the prevailing public transportation rate. Like the Bro-ward County bus 'system, the MCAT bus system did not provide timely site-to-site service to worksites. The record before us shows that Workforce presented evidence of the costs of two other modes of public transportation in the area. MCAT Handy
 
 *948
 
 Bus service charged $2 per one-way trip.
 
 [3]
 
 MCAT Vanpool program’s lowest “daily cost per rider” was $3.02, plus sales tax, fuel, tolls, parking, and vehicle cleaning. Workforce’s $1.50 one-way trip charge thus did not exceed the prevailing public transportation rate, was reasonable, and did not violate section 448.24(l)(b). This determination renders moot the other issues raised on appeal and on cross-appeal.
 

 Affirmed in part and reversed in part.
 

 WHATLEY and SILBERMAN,
 
 [4]
 
 JJ., Concur.
 

 [1]
 

 . Judge LaRose has been substituted for Judge Salcines, who was on the original
 
 Cromwell
 
 panel.
 

 [2]
 

 . Section 448.24(l)(b) remained unchanged from 2000 until amended in chapter 2006-10, section 1, Laws of Florida (effective July 1, 2006), as follows, with amended language underlined and deleted language in strike-through text:
 

 (1) No labor pool shall charge a day laborer:
 

 [[Image here]]
 

 (b) More than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed
 
 $1.50 each way
 
 (tho-prevailing rate for public transportation in the geographic-area ....
 

 [3]
 

 . Handy Bus was available only for people who qualified due to age, disability, or other reasons.