EDGCUMBE v CESSNA AIRCRAFT COMPANY

Docket No. 97273. Submitted February 9, 1988, at Lansing. Decided September 19, 1988.

Douglas Edgcumbe, for himself and on behalf of all other owners of Cessna 172 aircraft with Avco-Lycoming engines, brought an action against Cessna Aircraft Company in the Shiawassee Circuit Court, alleging defective design of the camshafts for the engines of the airplanes resulted in engine repair, including replacement of the camshafts. Plaintiff sought damages for the cost of engine repair and camshaft replacement. Plaintiff filed a motion for certification of the action as a class action, which the trial court, Gerald D. Lostracco, J., denied. Plaintiff appealed.

The Court of Appeals *held:*

MCR 3.501, which governs the certification of class action suits, requires in part that the maintenance of the action as a class action be superior to other available methods of adjudication in promoting the convenient administration of justice. Here, where the laws of various states on product liability and warranties would be involved because the airplanes were sold through dealers across the country and where each potential class member may present unique factual and legal issues that would make a class action suit inconvenient, the trial court properly ruled that the requirement was not met.

Affirmed.

ACTIONS — CLASS ACTIONS — COURT RULES.

One of the requirements for certification of an action as a class action is that the maintenance of the action as a class action be superior to other available methods of adjudication in promoting the convenient administration of justice; the relevant concern in determining the convenient administration of justice is whether the issues are so disparate as to make a class action suit unmanageable (MCR 3.501[A][1][e]).

REFERENCES

Am Jur 2d, Parties §§ 50 *et seq.*

See the Index to Annotations under Class Actions.

*Clark Shanahan,* and *Mark J. Van Epps,* for plaintiff.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *Jeannette A. Paskin* and *Leonard Nagi*), for defendant.

Before: MAHER, P.J., and SHEPHERD and K. TERTZAG,* JJ.

K. TERTZAG, J. Plaintiff appeals the denial of certification for his class-action suit. We affirm.

Plaintiff purchased a used airplane manufactured by defendant. Within the first year of his ownership, plaintiff discovered iron or metal filings in the airplane's engine oil. The filings were traced to a flaking off of metal from the camshaft, which plaintiff alleged was caused by a design defect of the particular camshaft. Plaintiff brought the instant action for $5,500 spent on engine repair including replacement of the camshaft. Plaintiff sought class action certification because there have allegedly been three hundred reports made to the Federal Aviation Authority concerning engine problems arising out of this particular camshaft on this type of airplane.

MCR 3.501 governs certification for class action suits:

> One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:
> (a) the class is so numerous that joinder of all members is impracticable;
> (b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;
> (c) the claims or defenses of the representative

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parties are typical of the claims or defenses of the class;

(d) the representative parties will fairly and adequately assert and protect the interests of the class; and

(e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice. [MCR 3.501(A)(1).]

The requirement of MCR 3.501(A)(1)(e), that the class action be superior to other methods of adjudication in promoting the convenient administration of justice, is an outgrowth of the equitable heritage of class actions and a recognition of the practical limitations on the judiciary's capability to resolve disputes. *Grigg v Michigan National Bank,* 405 Mich 148, 184; 274 NW2d 752 (1979). Such matters as diversity of defenses, counterclaims, etc., may bear upon the determination of whether a class action suit will promote the convenient administration of justice. *Grigg, supra.* The relevant concern in determining the convenient administration of justice is whether the issues are so disparate as to make a class action suit unmanageable. *Dix v American Bankers Life Assurance Co of Florida,* 429 Mich 410, 419; 415 NW2d 206 (1987).

The trial court ruled that the requirement of MCR 3.501(A)(1)(e) had not been met by plaintiff. We agree. Defendant, at the time that the airplane model in question was marketed, had between 500 and 750 dealers throughout all fifty states. The interplay of the laws of the various states on product liability and warranties would make adjudication in a Michigan state court, at the least, cumbersome. An affidavit from an employee of defendant states that 6,164 airplanes were sold that utilized the particular camshaft design in question.

Further, each potential class member may present unique factual and legal issues that would make a class action lawsuit inconvenient. Using plaintiff as an example, plaintiff bought his aircraft in a used condition. What role this will play factually and as to the application of warranties presents a complicated legal question. Additionally, plaintiff has used his airplane as part of a commercial venture. The increased use may alter the rate at which the alleged defect developed. Plaintiff's damages may be affected in a way that noncommercial plaintiffs to the suit would not be affected. The trial court was correct in ruling that it would not serve the convenient administration of justice to certify the instant case as a class action.

Affirmed.