LEE v GRAND RAPIDS BOARD OF EDUCATION

Docket No. 109667. Submitted November 8, 1989, at Grand Rapids.
Decided December 20, 1989.

Kathleen Lee, a teacher in the Grand Rapids School District, and
several fellow female teachers brought an action in Kent
Circuit Court against the Grand Rapids Board of Education and
the Grand Rapids School District. Plaintiffs alleged that defen-
dants' sick-leave policy, to the extent that it treated pregnancy-
related disabilities different from other disabilities not related
to pregnancy, violated the Civil Rights Act, the Fair Employ-
ment Practices Act and 42 USC 1983. Prior to their action in
state court, plaintiffs were denied class-action certification in
federal court to pursue the claims they subsequently brought in
the Kent Circuit Court. The circuit court, George V. Boucher,
J., granted accelerated judgment in favor of defendants, ruling
that the action was barred by the statute of limitations. The
Court of Appeals affirmed the judgment as to the claims
brought under federal law, but reversed as to the claims under
state law. 148 Mich App 364 (1986). On remand, plaintiffs
moved for certification of their action as a class action, with
plaintiffs as representatives of the class of all female teachers
or professional employees within plaintiffs' collective bargain-
ing unit who have had pregnancy-related disabilities. The
circuit court denied the motion. Plaintiffs appealed by leave
granted.

The Court of Appeals *held:*

1. The maintenance of plaintiffs' action as a class action
would not be superior to other available methods of adjudica-
tion in promoting the convenient administration of justice,
given the diversity of possible defenses, counterclaims and
other matters applicable to individual members of the proposed
class.

2. Individualized legal and factual issues predominate over

REFERENCES

Am Jur 2d, Parties §§ 54, 61-63, 66, 68, 70.
See the Index to Annotations under Class Actions; Equal Employ-
ment Opportunity.

issues common to the members of the proposed class, thereby making a class action inappropriate.
    Affirmed.

ACTIONS — CLASS ACTIONS — COURT RULES.
    A trial court shall deny certification of an action as a class action where the maintenance of the action as a class action will not be superior to other available methods of adjudication in promoting the convenient administration of justice and individualized questions of law or fact predominate over questions common to the members of the proposed class; the relevant concern in determining the convenient administration of justice is whether the issues are so disparate as to make a class action suit unmanageable (MCR 3.501[A][1][b],[e]).

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *Karen Bush Schneider* and *Sharon L. LaPointe*), for plaintiffs.

*Varnum, Riddering, Schmidt & Howlett* (by *Joseph J. Vogan*), for defendants.

Before: MAHER, P.J., and HOLBROOK, JR. and SAWYER, JJ.

PER CURIAM. Plaintiffs appeal by leave granted from a Kent Circuit Court order denying their motion for class certification. We affirm.

On October 12, 1983, plaintiffs filed suit alleging they were illegally discriminated against on the basis of pregnancy, in violation of both state and federal law. The state-law claims alleged violations of both the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, and its predecessor, the Fair Employment Practices Act, MCL 423.301 *et seq.*; MSA 17.458 *et seq.* Plaintiffs' federal-law claim alleged a violation of 42 USC 1983.[1]

Plaintiffs moved for class certification pursuant

---

[1] This action was dismissed on September 14, 1984, on the ground that plaintiffs' claims were barred by the applicable statute of limitations. On appeal, this Court affirmed the dismissal of plaintiffs' federal claims, but reversed as to the dismissal of the state-law

to MCR 3.501, seeking to certify a class that included

> [a]ll female teachers or professional employees within the bargaining unit represented by the Grand Rapids Education Association employed by the Board of Education of the Grand Rapids Public Schools or the Grand Rapids School District since March 24, 1972, who have had pregnancy or maternity-related disabilities and who have been denied pay or benefits provided to employees with other types of disabilities.

MCR 3.501 governs certification for class action suits:

> (A) Nature of Class Action.
> (1) One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:
> (a) the class is so numerous that joinder of all members is impracticable;
> (b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;
> (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
> (d) the representative parties will fairly and adequately assert and protect the interests of the class; and
> (e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

The relevant concern in determining the convenient administration of justice is whether the issues are so disparate as to make a class action

claims. *Lee v Grand Rapids Bd of Ed,* 148 Mich App 364; 384 NW2d 165 (1986), lv den 425 Mich 882 (1986).

suit unmanageable. *Dix v American Bankers Life Assurance Co of Florida,* 429 Mich 410, 419; 415 NW2d 206 (1987). Matters such as diversity of defenses, counterclaims, et cetera may bear upon the determination of whether a class action suit will promote the convenient administration of justice. *Grigg v Michigan Nat'l Bank,* 405 Mich 148, 184; 274 NW2d 752 (1979); *Edgcumbe v Cessna Aircraft Co,* 171 Mich App 573, 575; 430 NW2d 788 (1988).

The trial court determined that, although common issues existed, there were individual issues so disparate that a class action would simply not be manageable. Accordingly, it denied class certification.

Plaintiffs contend that class certification is proper because there is a central predominating issue uniting the class, i.e., whether defendants maintained a discriminatory sick-leave policy which treated pregnancy-related disabilities different than disabilities not related to pregnancy. We disagree.

Defendants contend, and we agree, that individualized legal and factual issues predominate over common legal and factual issues, thereby rendering class certification inappropriate. MCR 3.501(A) (1)(b).

First, there was no single policy respecting pregnancy leave during the proposed class period. Instead, paid sick leave and paid maternity leave were governed by seven different collective bargaining agreements in effect during the subject period. Liability would necessarily involve determinations concerning which agreement was in effect for each class member and how that agreement was being applied to that member.

Because sick-leave policies were grounded in collective bargaining agreements, other individual-

ized factual and legal issues that we believe predominate over any common issues include: (1) whether plaintiffs have exhausted their contractual remedies, (2) whether claims have been resolved by contractual agreement, (3) evidentiary and procedural effects of prior administrative claims filed by certain members, and (4) the formula to be applied for ascertaining damages, when taking into consideration individualized issues regarding mitigation.

Aside from collective bargaining agreement issues, other individual factual issues rendering class certification inappropriate include whether plaintiffs were off work because of pregnancy-related disabilities or because they wanted to stay home with their children, or whether plaintiffs were denied use of paid sick leave because their disabilities were caused by pregnancy or because they had previously used up their paid sick leave.

Accordingly, because individualized legal and factual issues predominate over common issues, and because the maintenance of a class action would not be superior to other available methods of adjudication in promoting the convenient administration of justice, the decision of the trial court denying class certification is affirmed.

In light of our decision, we need not address plaintiffs' additional argument that the trial court erred in determining that the size of the class did not make joinder impracticable.

Affirmed.