YOUNG, J.
(concurring in part and dissenting in part). In this case, we are asked to review the trial court’s certification of a plaintiff class consisting of approximately 2,000 landowners within the flood plain of the Tittabawassee River. The Michigan Court Rules govern the procedure for certifying class actions in Michigan courts. MCR 3.501(A)(1) provides specific prerequisites for proposed plaintiff classes. A party seeking class certification bears the burden of proving that these prerequisites are in fact met and must provide sufficient information to the ruling court for it to make the determination that the prerequisites are met. Because part II of the majority opinion correctly articulates the appropriate appellate standard of review for class certification decisions and part 111(A) of the majority opinion correctly articulates the appropriate legal standard a trial court must apply in ruling on a motion for class certification, I join those sections of the majority opinion.
While I would vacate the entirety of the trial court’s class certification decision because it committed a legal error by using the wrong legal standard in certifying the *513 class, the majority determines only that the trial court’s analysis of MCR 3.501(A)(1)(c) and (d) was insufficient and requires further explanation. In doing so, the majority also reverses sub silentio the determination of the Court of Appeals majority limiting the scope of the proposed class action to issues of liability only. I therefore dissent in part. Because I believe that the trial court’s decision was wholly affected by its application of an incorrect standard, I would vacaté the class certification in its entirety and remand to the trial court for a completely new ruling on the motion for class certification and limit any certification of the proposed class to issues of liability. The trial court in this case expressly indicated that it must “accept the allegations of the plaintiff in support of the motion [for class certification] as true.” This is inconsistent with the plain requirement of the court rules, which allow class certification “only if” the prerequisites listed in MCR 3.501(A)(1) are met, not merely alleged. I therefore would vacate its class certification regarding liability in its entirety and remand to the trial court so it can apply the appropriate legal standard.
I also dissent from the majority’s decision to give discretion to the trial court to certify the class on the issue of damages. The plaintiffs did not cross-appeal the decision of the Court of Appeals majority to vacate class certification on the issue of damages, and therefore this Court cannot vitiate this unappealed ruling of the Court of Appeals.
I. FACTS AND PROCEDURAL HISTORY
Plaintiffs commenced the instant action against defendant, Dow Chemical Company, for its alleged pollution of the Tittabawassee River. They claim that the release of dioxin into the Tittabawassee River has *514 either directly contaminated their properties or has otherwise adversely affected their properties. They subsequently moved for class certification. Plaintiffs’ proposed class consists of all owners of real property in Saginaw County within the 100-year flood plain of the Tittabawassee River, as of February 1, 2002.[1] 2This proposed class contains approximately 2,000 people. Defendant opposed class certification.
After receiving supplemental briefs and hearing oral arguments on the motion for class certification, the Saginaw Circuit Court issued its opinion and order granting class certification on October 21, 2005. At the outset of its analysis, the court explained that it was bound to accept the plaintiffs’ allegations supporting its motion for class certification as true:
Due to the limited case law in Michigan addressing certification of class action lawsuits, the Court can refer to federal case law that interprets the federal rules on class certification. Brenner v Marathon Oil Co, 222 Mich App 128, 133; 565 NW2d 1 (1997). When evaluating a motion for class certification, the court is to accept the allegations of the plaintiff in support of the motion as true. The merits of the case are not examined. Allen v Chicago, 828 F Supp 543, 550 (ND 111, 1993). The plaintiff bears the burden of proving that the class should be certified. Id.[2]
The court then listed the five requirements of class certification and discussed plaintiffs’ allegations regarding each of these requirements. I reprint the trial court’s analysis of the five requirements in its entirety:
*515 a. The first requirement that the Plaintiffs must meet is that “the class is so numerous that joinder of all members is impracticable.” MCR 3.501(A)(1)(a). The Plaintiffs define the potential class as:
“All persons who owned real property within the one-hundred year Flood Plain of the Tittabawassee River in Saginaw County, Michigan on February 1, 2002. For purposes of this class definition, the one-hundred year Flood Plain of the Tittabawassee River is defined as the geographic area set forth on the map attached as Exhibit A (Exhibit B attached to this order), which is generally bounded on the west and south by River Road and Stroebel Road, including property on the west and south side of such roads, and generally bounded on the east and north by Midland Road, St. Andrews Road, and Michigan Avenue, including property on the east and north sides of such roads and avenue.”
The Plaintiffs also allege and the Court finds that there would be approximately 2,000 persons in the proposed class. The Court finds that the class is so numerous that joinder of all members is impracticable.
b. There are questions of law or fact common' to the members of the class that predominate over questions affecting only individual members.
All of the Plaintiffs’ claims are based on the allegation that the Defendant polluted the Tittabawassee River, causing damage to the Plaintiffs in the form of reduced value of their home and property. Therefore, the alleged negligence of the Defendant, if any, as to the cause of the alleged pollution is common to all potential Plaintiffs. Equally, any questions of law would be common to the entire class. Although the question of damages may be individualized, the mere fact that damages may have to be computed individually is not enough to defeat a class action. As the Court stated in Sterling v Velsicol Chem Corp, 855 F2d 1188, 1197 (CA 6, 1988):
“No matter how individualized the issues of damages may he, these issues may be reserved for individual treatment with the question of liability tried as a class action. *516 Consequently, the mere fact that questions peculiar to each individual member of the class remaining [sic] after the common questions of the defendant’s liability have been resolved does not dictate the conclusion that a class action is impermissible.” See also Dix v Am Bankers Life Assurance Co, 429 Mich 410,417-419; 415 NW2d 206 (1987), and the more recent case of Mejdrech v Met-Coil Sys Corp, 319 F3d 910 (CA 7, 2003).
This Court finds that there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.
c. The claims or defenses of the representative parties are typical of the claims or defenses of the class.
In this case, Plaintiffs contend that their property claims arise from the same course of conduct by Defendant Dow and that they share common legal and remedial theories with the members of the class. The court in Cook v Rockwell Int’l Corp, 151 FRD 378 (D Colo, 1993), stated: “So long as there is a nexus between the class representatives’ claims [and] defenses and the common questions of fact or law which unite the class the typicality requirement is satisfied (citations omitted).... The positions of the named plaintiffs and the potential class members do not have to be identical. Thus, the requirement may be satisfied even though varying fact patterns support the claims or defenses of individual class members or there is a disparity in the damages claimed by the representative parties and the other members of the class. The court finds that the representative parties’ claims are not adverse or antagonistic to others in the class. Therefore, the court finds that the claims or defenses of all of the representative parties are typical of the claims or defenses of the class and are not antagonistic to the class.”
d. The representative parties will fairly and adequately assert and protect the interest of the class.
There presently are approximately seven Plaintiffs who are the representative parties. Further, no proof has been submitted to this Court that would indicate that the *517 Plaintiffs herein, the representative parties, would not fairly and adequately assert and protect the interest of the class.
e. The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.
To deny a class action in this case and allow the Plaintiffs to pursue individual claims would result in up to 2,000 individual claims being filed in this Court. Such a result would impede the convenient administration of justice. Further, such a procedure would or could result in inconsistent or varying adjudications with respect to individual members of the class. A class action would also assure legal assistance to the members of the class. Moreover, a class action would achieve economy of time, effort and expense. The Court specifically finds that the action would be manageable as a class action based on the facts and the reasons set forth herein. Each member of the class lives in the area alleged to have been damaged. Each member of the class allegedly suffered damages as a result of the release of contaminates in the Tittabawassee River. Almost identical evidence would be required to establish negligence and causal connection between the alleged toxic contamination and Plaintiffs’ damages and the type of damages allegedly suffered. The Court stated in Sterling v Velsicol Chem. Corp, supra at 1197:
“In the instant case, each class member lived in the vicinity of the landfill and allegedly suffered damages as a result of ingesting or otherwise using the contaminated water. Almost identical evidence would be required to establish the level and duration of chemical contamination, the causal connection, if any, between the plaintiffs’ consumption of the contaminated water and the type of injuries allegedly suffered and the defendant’s liability. A single major issue distinguishing the class members is the nature and amount of damages, if any, that each sustained. To this extent, a class action in the instant case avoided duplication of judicial effort and prevented separate actions from reaching inconsistent results with similar, if not identical, facts. The district court clearly did not abuse its *518 discretion in certifying this action as a rule of [sic] 23(b)(3) class action. However, individual members of the class still would be required to submit evidence concerning their particularized damages, damage claims and subsequent proceedings.”
The Court finds that the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.[3]
The Court of Appeals rendered three individual opinions in ruling on defendant’s appeal. Judge METER and Judge FORT Hood affirmed the trial court’s certification with regard to the issue of Dow’s liability,[4] while Judge METER and Judge K. F. KELLY determined that the individual issues predominate over class-wide issues with respect to damages.[5] Defendant appeals the Court of Appeals judgment and claims that the trial court erred in certifying the plaintiff class.[6] It argues that certification should be vacated, first, because the trial court applied an erroneous legal standard in accepting plaintiffs’ allegations in support of their motion for class certification as true and, second, because plaintiffs’ proposed class fails as a matter of law.
II. STANDARD OF REVIEW
This Court has not expressly established a standard for reviewing certification of a class action, although in a peremptory order we impliedly reviewed a class cer *519 tification decision for clear error.[7] The Court of Appeals has accordingly employed a clear error standard.[8] “In Michigan, the clear error standard has historically been applied when reviewing a trial court’s factual findings, whereas the abuse of discretion standard is applied when reviewing matters left to the trial court’s discretion.”[9] I concur in part II of the majority opinion and agree that legal determinations are reviewed under a de novo standard, that findings of fact are reviewed under a clear error standard, and the court’s ultimate certification decision is reviewed for abuse of discretion. An abuse of discretion occurs when the trial court’s decision is outside the range of reasonable and principled outcomes.[10]
III. TO BE CERTIFIED AS A CLASS OF PLAINTIFFS IN MICHIGAN COURTS, THE REQUIREMENTS PROVIDED IN MCR 3.501 MUST, IN FACT, BE MET
The Michigan Court Rules govern the certification of class actions. MCR 3.501(A)(1) provides:
One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:
(a) the class is so numerous that joinder of all members is impracticable;
(b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;
(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
*520 (d) the representative parties will fairly and adequately assert and protect the interests of the class; and
(e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.[11]
The plain language of MCR 3.501(A)(1) is clear: representative plaintiffs may pursue a class action lawsuit “only if” the enumerated prerequisites have been met.
The procedure for certifying a class in Michigan underscores this requirement. Because a “plaintiff must move for certification that the action may be maintained as a class action,”[12] the plaintiff bears the burden of satisfying the trial court by a preponderance of the evidence that the prerequisites to class certification have been met. Moreover, once the plaintiff moves to certify a class, the trial court “may allow the action to be maintained as a class action, may deny the motion, or may order that a ruling be postponed pending discovery or other preliminary procedures.”[13] In other words, MCR 3.501 expressly contemplates that the trial court should make an independent determination that the proposed class meets the requirements for class certification. Thus, a trial court may certify a class only if the plaintiffs have provided sufficient information that each prerequisite to class certification has been met. Because part 111(A) of the majority opinion correctly articulates this standard, I join that section of the opinion.
I also concur in the majority’s decision to overrule Neal v James[14] to the extent it “require[s] a trial court *521 to accept as true a plaintiffs bare assertion that a class certification prerequisite is met... ,”[15] The Court of Appeals in Neal held that a trial court must “accept the allegations made in support of the request for certification as true.”[16] Although the trial court in the instant case did not expressly indicate its reliance on Neal, as a published Court of Appeals decision, it is binding on all lower courts.[17] The requirement in Neal that a certifying court is bound to accept the plaintiffs’ allegations supporting its motion for class certification as true, however, is inconsistent with the plain meaning of MCR 3.501 as articulated above. Moreover, it cites stale federal precedent for its statement of law.[18] Accordingly, *522 I concur with the majority that Neal is overruled to the extent that it is inconsistent with the rule of law articulated today.
IV THE TRIAL COURT ERRED BY CERTIFYING THE CLASS TO THE EXTENT IT STATED AND APPLIED AN ERRONEOUS STANDARD OF LAW
A. THE TRIAL COURT ARTICULATED AN ERRONEOUS STANDARD OF LAW
Before certifying the plaintiff class, the trial court sought briefing and conducted extensive oral arguments on the motion for class certification. Nevertheless, even though it did so, the trial court’s opinion made no mention of these facts. Instead, the trial court prefaced its ruling by explaining that “[wjhen evaluating a motion for class certification, the court is to accept the allegations of the plaintiff in support of the motion as true.” This statement has meaning, and its meaning completely rebuts plaintiffs’ claim that the trial court conducted the appropriate analysis in making its ruling on class certification. The trial court’s statement indicates that it approached its analysis without the appropriate analytical independence from plaintiffs’ *523 allegations supporting class certification. It is appropriate to vacate the trial court’s certification for this legal error alone.[19]
B. THE TRIAL COURT APPLIED AN ERRONEOUS STANDARD OF LAW
Moreover, a critical reading of the trial court’s actual ruling underscores the inappropriate deference that the trial court afforded plaintiffs’ pleadings on the motion for class certification. For example, in concluding that “there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members,”[20] the trial court merely reiterated plaintiffs’ claims without discussing the arguments that defendant proffered in opposition to the motion.
Defendant’s trial brief listed several questions of law or fact that it alleged required individualized determination:
• How each proposed property class member uses and enjoys his, her[,] or its property (when, in fact, there are a vast array of different types of commercial, industrial, agricultural, residential, governmental, non-profit and other entities in the 20-mile-long proposed property class area, and each proposed class member uses and enjoys his, her[,] or its property in ways different from others);
• Whether each proposed class member has suffered a substantial and unreasonable interference with use and *524 enjoyment as a result of misconduct by Dow (when, in fact, such proposed class members already have testified that they have not suffered any such interference, and the alleged interferences from others are highly variable and dissimilar);
• Whether the different levels of dioxin on class properties constitute an unreasonable and substantial interference with use and enjoyment (when, in fact, the levels differ significantly from each other, such that some proposed class members have no level of dioxin on their soil in excess of levels upstream of Dow, some have no level of dioxin on their soil in excess of the [Department of Environmental Quality’s (DEQ’s)] direct contact criteria, and other proposed class members have higher levels);
• What duty (if any) Dow owes to each particular proposed class member (when, in fact, different types of dioxin have been deposited on different proposed class properties at different times over the past 100 years, by potentially many different entities, who would have faced vastly different standards of care and states of the art at the time of such deposits and, even focusing on the most current version of the DEQ’s direct action criteria (which were not applicable until recently), different DEQ criteria apply to different types of property within the class, and those criteria differ from applicable federal criteria);
• Whether Dow violated any duty owed to different proposed class members (when, in fact, the various levels of dioxin on the different properties fall both above and below the various potential standards of care that could have been in effect over the past 100 years);
• Wdiether any proposed class member’s property value was injured (when, in fact, many proposed class members already have sold their class properties at a substantial profit, including some who received more than their asking price and others who have sold for more than their recently appraised value, whereas others have no interest in ever selling their property, and others refuse to sell, and still others contend their property has been rendered “worthless”);
*525 • Whether and how each proposed class member is situated vis-á-vis Dow’s defenses, including the statute of limitations (when, in fact, many proposed class members have believed for many years that Dow polluted the Tittabawassee River, including with dioxin, and thereby diminished the use and enjoyment and value of proposed class properties).
Thus, defendant raised several issues in this case that may require individualized determination, and that therefore may bar class certification under MCR 3.501(A)(1)(b). Even if these concerns ultimately do not preclude class certification, the issues raised are ones that a trial court would have rebutted or explained if it had conducted an independent inquiry into whether the prerequisites of class certification had in fact been met. The trial court’s failure to respond to any of these claims in its ruling, therefore, belies plaintiffs’ contention that the trial court conducted an appropriate analysis of whether plaintiffs’ proposed class met the requirements for class certification. Moreover, it belies the majority’s assumption that the trial court conducted an appropriate analysis of some of the class certification prerequisites, as the predomination prerequisite is one in which the majority concluded that “the circuit court appears to have independently determined that plaintiffs alleged a statement of basic facts and law sufficient to support [the] prerequisite!] . .. .”[21]
Because the trial court failed to address defendant’s arguments in opposition to class certification, not only did it articulate a legal standard that was inconsistent with the plain meaning of the Michigan Court Rules, but it also applied that inappropriate standard in granting class certification. Accordingly, class certification *526 must be vacated in its entirety, and this case must be remanded to the trial court for reconsideration of all the class certification prerequisites in light of the appropriate legal standard.
C. INSTRUCTIONS FOR REMAND
On remand, the trial court must determine whether plaintiffs’ proposed class in fact meets the prerequisites for class certification contained in MCR 3.501(A)(1).[22] If the trial court determines that the proposed class meets the prerequisites for class certification, then the trial court may certify the proposed class. However, if it certifies the same class, it may only certify that class with regard to the issue of Dow’s liability. Two judges on the Court of Appeals held that, as a matter of law, damages must be determined in individual proceedings.[23] I would not disturb that holding; indeed, plaintiffs did not file a cross-appeal to dispute the majority’s determination that proceedings to determine damages must be bifurcated from any class action regarding Dow’s liability. Accordingly, I would preclude the trial court from certifying the proposed class on the issue of damages, since that legal issue has been settled for the purposes of this litigation.[24]
*527 The majority has reversed the Court of Appeals majority’s decision that bifurcation on damages is required. Although it claims that it “do[es] not reach the question of if, and to what extent, the issues involved in this case should be ‘bifurcated,’ ”[25] it does so by subterfuge in claiming that it “do[es] not think that the circuit court abused its discretion by waiting to determine to what extent bifurcation of the issues involved may be needed.”[26] This is in direct contradiction of the majority position of the Court of Appeals, which states unequivocally that “with regard to damages, individualized questions prevail.”[27] This gross violation of our procedural rules is yet another indication of the majority’s now familiar approach to seek its desired result whatever *528 the consequences.[28] The plaintiffs, appellees to this case, have not filed a cross-appeal of the Court of Appeals majority’s decision requiring that damages be determined on an individualized basis. It is a basic principle of appellate procedure that appellees who have not cross-appealed “may not obtain a decision more favorable to them than was rendered by the Court of Appeals.”[29] The majority’s failure to follow this basic *529 principle of law by declaring that the trial court has discretion not to follow the binding decision of the Court of Appeals, where the majority does not even state that it is reversing any part of the Court of Appeals’ judgment, is contrary to this Court’s precedent and unworthy of a Court committed to the rule of law.[30]
V CONCLUSION
The party seeking certification of a class under MCR 3.501 bears the burden of establishing by a preponderance of the evidence that its proposed class in fact meets the requirements for class certification as articulated in the Michigan Court Rules. The trial court, therefore, is not bound to accept the allegations of the moving party, but rather must make an independent finding that the prerequisites of class certification have been met. Because the trial court in the instant case did not make such an independent determination, I would vacate class certification in its entirety and remand this case to the circuit court for further proceedings consistent with this opinion. I would not disturb the Court of Appeals majority’s decision that the proposed class may not be certified on the issue of damages.
Corrigan and Markman, JJ., concurred with Young, J.

 A river’s “100-year flood plain” is the land area subject to the floodwaters from a flood that has a one percent chance of occurring in any given year. Accordingly, the land at the edge of the 100-year flood plain has a one percent chance of being flooded with water from the Tittabawassee River in any given year, while land closer to the river has a greater chance of being flooded in any given year.

 All citations have been converted to this Court’s standard format.

 All citations have been converted to this Court’s standard format.

 Henry v Dow Chem Co, unpublished opinion per curiam of the Court of Appeals, issued January 24, 2008 (Docket No. 266433) (opinion by Fort Hood, J.). Accord id. (Meter, EJ., concurring in part and dissenting in part).

 Id. (Meter, EJ., concurring in part and dissenting in part). Accord id. (K. F. Kelly, J., dissenting).

 Plaintiffs did not file a cross-appeal of the Court of Appeals’ ruling that damages must be determined individually.

 Hill v City of Warren, 469 Mich 964 (2003).

 See, e.g., Neal v James, 252 Mich App 12, 15; 651 NW2d 181 (2002).

 Herald Co, Inc v Eastern Michigan Univ Bd of Regents, 475 Mich 463, 471; 719 NW2d 19 (2006).

 Maldonado v Ford Motor Co, 476 Mich 372, 388; 719 NW2d 809 (2006).

 MCR 3.501(A)(1) (emphasis added).

 MCR 3.501(B)(1)(a).

 MCR 3.501(B)(3)(b).

 Neal, 252 Mich App 12.

 Ante at 505 n 39.

 Neal, 252 Mich App at 15. Neal has'subsequently been cited for this proposition in a published opinion of the Court of Appeals. See Duncan v Michigan, 284 Mich App 246, 329; 774 NW2d 89 (2009).

 MCR 7.215(C)(2).

 Both the Neal Court and the instant trial court cited a stale federal district court case for the proposition that a trial court is bound to accept the plaintiffs pleadings on behalf of the motion for certification as true. Allen v Chicago, 828 F Supp 543, 550 (ND Ill, 1993) (“In evaluating the motion for class certification, the allegations made in support of certification are taken as true. ...”). However, the United States Court of Appeals for the Seventh Circuit subsequently undermined Allen in Szabo v Bridgeport Machines, Inc, 249 F3d 672, 676 (CA 7, 2001), which precluded courts from relying uncritically on the allegations contained in motions for class certification: “Before deciding whether to allow a case to proceed as a class action, . .. a judge should make whatever factual and legal inquiries are necessary under [Federal] Rule [of Civil Procedure] 23.” Therefore, even if a Michigan court “can refer to federal cases construing the federal rules on class certification,” Neal, 252 Mich App at 15, it should look only to cases that remain good law.
Applicable federal caselaw does not require that trial courts accept the allegations in support of the motion for class certification as true. Indeed, the United States Supreme Court expressly negated that principle. Gen Tel Co of the Southwest v Falcon, 457 US 147, 160; 102 S Ct 2364; 72 L Ed 2d 740 (1982). The Court of Appeals’ citation of Falcon in Duskin v *522 Dep’t of Human Services, 284 Mich App 400, 409; 775 NW2d 801 (2009), is consistent with the use of applicable federal precedent.
While federal caselaw may be helpful in interpreting a similarly worded but ambiguous provision in the Michigan Court Rules, courts must not forget that it is the Michigan Court Rules that they are interpreting. Accordingly, federal caselaw interpreting the Federal Rules of Civil Procedure can be instructive at most, but never controlling. As explained earlier, the plain language of MCR 3.501(A)(1) requires that the prerequisites for class certification must in fact he met before a trial court can certify a class of plaintiffs. That federal caselaw interprets FR Civ P 23 similarly is fortuitous but ultimately of less import than the actual text of the Michigan Court Rules.

 The trial court’s statement that “[t]he plaintiff bears the burden of proving that the class should be certified” does not cure any defect it caused by saying it was bound to accept plaintiffs’ allegations supporting class certification as true. If plaintiffs’ allegations supporting class certification must be accepted as true, as the trial court stated, then plaintiffs can meet their burden of proof merely by alleging that the requirements for class certification have been met.

 MCR 3.501(A)(1)(b).

 Ante at 506.

 Pursuant to MCR 3.501 (B) (3) (d) (ii), the trial court may instead divide the proposed class “into separate classes with each treated as a class for purposes of certifying [or] denying certification ... .”

 Henry, supra (Meter, E J., concurring in part and dissenting in part); id.; (K. F. Kelly, J., dissenting).

 Moreover, the law of the case doctrine would preclude a subsequent appellate court from certifying the proposed class on the issue of damages. CAF Investment Co v Saginaw Twp, 410 Mich 428, 454; 302 NW2d 164 (1981) (“[I]f an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.”).

 Ante at 507.

 Ante at 509.

 Henry, supra at 1 (Meter, E J., concurring in part and dissenting in part). Accord id. at 6 (K. P. Kelly, J., dissenting). The majority posits that I am “misreading” the Court of Appeals opinions by “cobbling together three divergent” opinions to come to my conclusion that two judges would have reversed the trial court’s certification with respect to damages. Ante at 508 n 42. I see no other way of interpreting the three Court of Appeals opinions. Though fractured, they reach a clear result. Judge Fort Hood would have affirmed class certification entirely; Judge METER would have affirmed class certification only with respect to questions of liability; and Judge K. F. Kelly would have vacated class certification entirely. While only one Court of Appeals judge specifically mandated “bifurcation,” that result is the only way of reconciling the three divergent Court of Appeals positions. In any event, that result was not appealed by the plaintiffs and, as a result of the majority’s opinion, plaintiffs are in a better position than they would have been had defendant not appealed. The only principled basis for avoiding the Court of Appeals ruling on damages would be if a different class were certified. However, this principled approach is unavailable to the majority because it preserves part of the class certification the trial court rendered and requires only that the trial court reconsider portions of its analysis. Thus, unless the trial court declines to certify on remand or certifies a different class, the majority has enhanced plaintiffs’ position.

 The majority’s determination to ignore facts and precedent inconvenient to its desired outcome has become its modus operandi. See, e.g., Vanslembrouck v Halperin, 483 Mich 965 (2009), where the new majority ignored Vega v Lakeland Hospitals at Niles & St Joseph, Inc, 479 Mich 243, 244; 736 NW2d 561 (2007); Hardacre v Saginaw Vascular Services, 483 Mich 918 (2009), where it failed to follow Boodt v Borgess Med Ctr, 481 Mich 558; 751 NW2d 44 (2008); Sazima v Shepherd Bar & Restaurant, 483 Mich 924 (2009), where it failed to follow Chrysler v Blue Arrow Transport Lines, 295 Mich 606; 295 NW 331 (1940), and Camburn v Northwest School Dist, 459 Mich 471; 592 NW2d 46 (1999); Juarez v Holbrook, 483 Mich 970 (2009), where it failed to follow Smith v Khouri, 481 Mich 519; 751 NW2d 472 (2008); Chambers v Wayne Co Airport Auth, 483 Mich 1081 (2009), where it failed to follow Rowland v Washtenaw Co Rd Comm, 477 Mich 197; 731 NW2d 41 (2007); and Scott v State Farm Mut Auto Ins Co, 483 Mich 1032 (2009), where it failed to enforce Thornton v Allstate Ins Co, 425 Mich 643; 391 NW2d 320 (1986), and Putkamer v Transamerica Ins Corp of America, 454 Mich 626; 563 NW2d 683 (1997). Chief Justice Kelly contends, as she has elsewhere, that “the accusation that the Court has been ignoring precedent is incorrect.” Ante at 512. See also Potter v McLeary, 484 Mich 397, 426-428; 774 NW2d 1 (2009) (Kelly, C.J., concurring) and Beasley v Michigan, 483 Mich 1025, 1025-1027 (2009) (Kelly, C.J., concurring). This response has been repeatedly answered in detail. See Beasley, 483 Mich at 1027-1030 (Corrigan, J., dissenting); Potter, 484 Mich at 476-481 (Markman, J., concurring in part and dissenting in part). More importantly, Chief Justice Kelly’s response fails to address the fundamental problem that “[leaving] intact precedents that were inconsistent with new decisions essentially allow[s] future litigants to choose among inconsistent precedents as in columns A and B of a Chinese restaurant menu.” Rowland, 477 Mich at 227 (emphasis and punctuation omitted).

 McCardel v Smolen, 404 Mich 89, 94-95; 273 NW2d 3 (1978). See also Pontiac Twp v Featherstone, 319 Mich 382, 390; 29 NW2d 898 (1947) (“In *529 the absence of a cross appeal, errors claimed to be prejudicial to appellee cannot be considered nor may appellee have enlargement of relief.”).

 Our order granting leave to appeal asked the parties to brief four issues. Henry v Dow Chem Co, 482 Mich 1043 (2008). Needless to say, due the lack of a cross-appeal, we did not ask the parties to brief whether the Court of Appeals had erred in holding that the trial court had erred in granting class certification regarding the issue of damages. All appellate practitioners should take careful note of today’s decision, because an appellant is ending up in a worse position than it was in under the Court of Appeals decision that it appealed, even though no cross-appeal was filed.