# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 18, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137949

ALICIA BRINDLEY, MAX FRANKLIN,
and BARBARA FRANKLIN,
        Plaintiffs-Appellees,

v

SEVERSTAL NORTH AMERICA, INC.,
        Defendant-Appellant.

SC: 137949
COA: 286155
Wayne CC: 07-704488-NZ

_____/

      By order of March 23, 2009, the application for leave to appeal the November 12, 2008 order of the Court of Appeals was held in abeyance pending the decision in *Henry v Dow Chemical* (Docket No. 136298). On order of the Court, the case having been decided on July 31, 2009, 484 Mich 483 (2009), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court for proceedings consistent with this order. It appears that the circuit court made an independent determination that the plaintiffs at least alleged a sufficient factual and legal basis to support each of the prerequisites provided in MCR 3.501(A)(1), as required by *Henry*, 484 Mich at 505, and it does not appear that it abused its discretion in so doing. The circuit court prefaced its analysis, however, with the statement that "the trial court is required to accept the allegations made in support of the request for certification as true." This statement is inconsistent with the standard adopted in *Henry* "to the extent that it could be read to require courts to accept as true plaintiffs' bare assertions that the class certification prerequisites are met." *Henry*, 484 Mich at 505. In this case, as in *Henry*, the Court will refrain from looking behind the circuit court's analysis to guess whether the circuit court actually utilized the correct standard. See *Henry*, 484 Mich at 506-507. Therefore, although it appears that the circuit court's analysis of the class certification prerequisites in MCR 3.501(A)(1) was proper, on remand the circuit court may revisit its analysis if it determines that its original decision depended on an analytical framework that is inconsistent with this Court's decision in *Henry*. The circuit court may, in its discretion, conduct an evidentiary hearing regarding these matters if it deems such appropriate.

      We do not retain jurisdiction.

CORRIGAN, J. (*dissenting*).

I would direct the circuit court to clarify its reasoning in ruling that plaintiffs have met their burden to establish that the class certification requirements of MCR 3.501(A)(1) are met in light of *Henry v Dow Chem Co*, 484 Mich 483 (2009). The record before us does not establish that the circuit court's decision granting certification comported with *Henry*. To the contrary, the record reveals that the court did not truly analyze the certification criteria. Moreover, it expressly relied on the wrong standard: *Neal v James*, 252 Mich App 12 (2002), was overruled by *Henry*, *supra* at 505 n 39. Given the circuit court's errors, we should direct the court to comply with *Henry* on remand. The majority order merely invites the circuit court to "revisit its analysis if it determines that its original decision depended on an analytical framework" inconsistent with *Henry*. This order abdicates our appellate duties. It effectively affirms the circuit court's first decision by permitting the court to rubber-stamp it on remand.

*The trial court's reliance on* Neal v James

First, the circuit court clearly relied on the now-repudiated *Neal* standard in its opinion and order granting class certification, in which it cited *Neal* and stated: "When evaluating a motion for class certification, the trial court is required to accept the allegations made in support of the request for certification as true." *Henry* explicitly rejected this approach. *Id.* at 505 n 39 ("[T]o the extent that *Neal* could be read to require a trial court to accept as true a plaintiff's bare assertion that a class certification prerequisite is met, we overrule *Neal*.") Further, the circuit court confirmed that it relied on the *Neal* standard when it denied defendant's motion for reconsideration, in which defendant challenged the court's reliance on *Neal*. Thus, the court clearly based its decision on this incorrect standard. For this reason alone, I would direct the court to revisit its analysis on remand in light of *Henry*.

*The class certification criteria in MCR 3.501(A)(1)*

Second, I disagree that "[i]t appears that the circuit court made an independent determination that the plaintiff at least alleged a sufficient factual and legal basis to support each of the prerequisites provided in MCR 3.501(A)(1), as required by *Henry*, 484 Mich at 505." To the contrary, the court's written reasoning is sparse—particularly with regard to the criteria in MCR 3.501(A)(1)(c)-(e). It supplied no oral reasoning; although the written opinion (incorrectly) states that the court "ha[d] heard oral argument," no hearing was ever held. Indeed, defendant raised the lack of hearing as a ground for reconsideration.[1]

---

[1] In comparison, I note that in *Henry* the trial court heard extensive oral arguments regarding the class certification question. See *Henry, supra* at 514 (YOUNG, J., concurring in part).

With regard to element (c) of MCR 3.501(A)(1) (typicality), the circuit court reasoned:

> [A]lthough there are factual differences between Plaintiff's claims and those of the putative class, her claims arise out of the same course of conduct that gives rise to the claims of the other class members, i.e., Severstal's alleged discharge of fallout and dust. Furthermore, Plaintiff's claims and the claims of the putative class members are based on the same legal theories, nuisance and negligence. Accordingly, the Court finds that the requirement of typicality has been met.

This "analysis" is scarcely distinguishable from the typicality analysis we rejected in *Henry, supra* at 506 n 40, stating:

> For MCR 3.501(A)(1)(c), the typicality prerequisite, the trial court's analysis consisted of a restatement of the standard; a statement that "plaintiffs contend" that their claims "arise from the same course of conduct" and that "they share common legal and remedial theories"; and a quote from a federal district court case stating that the typicality requirement may be satisfied if "there is a nexus between the class representatives' claims [and] defenses and the common questions of fact or law which unite the class." It is unclear from the trial court's analysis whether it independently determined that the plaintiffs alleged basic questions of law and fact sufficient to support their allegation that their legal remedial theories were typical of those of the class.

Similarly, for element (d) (adequacy of representation), the circuit court stated *in full*: "MCR 3.501(A)(1)(d) focuses on whether the class representatives can fairly and adequately represent the interests of the class as a whole. In the present case, for the reasons stated in Plaintiff's brief, the court believes that Plaintiff will fairly and adequately protect the class." The *Henry* opinion renders this inadequate. *Henry* rejected the trial court's similar "analysis" of element (d), stating:

> In the circuit court's analysis of MCR 3.501(A)(1)(d), the adequacy of representation prerequisite, it stated that "[t]he representative parties will fairly and adequately assert and protect the interest of the class." It supported this conclusion by reasoning that "no proof has been submitted to this Court that would indicate that the Plaintiffs herein, the representative parties, would not fairly and adequately assert and protect the interest of the class." In other words, the circuit court did not perform an analysis that sufficiently shows that it independently determined that the plaintiffs would adequately represent the class and also potentially shifted the burden to

defendant to show that plaintiffs would *not* adequately represent the class. [*Henry*, *supra* at 506 n 40.]

I also question the discussion of element (e) (superiority), in which the court opines:

> For the reasons set forth in Plaintiff's brief, this Court is of the opinion that in this case, a class action is superior to other available means of adjudication. Although the Court is well aware that "mini-trials" will be necessary with respect to issues of proximate causation and damages, and that such mini-trials may also involve the allocation of fault, the determination of common issues of liability via class action treatment is more efficient th[a]n joining hundreds, if not thousands, of individual plaintiffs.

As with elements (c) and (d), and particularly because the court relies primarily on plaintiff's brief, the court did not independently determine under element (e) that a class action is superior to other available means of adjudication, and it potentially shifted the burden to defendant to disprove this element.

*Conclusion*

Accordingly, I would direct the circuit court to clarify its class certification decision on remand in light of *Henry*. Not only were many portions of the court's discussion brief and conclusory, but its conclusions with regard to each criterion for certification should be clarified because the court explicitly relied on the repudiated *Neal* standard. This Court's order is effectively meaningless because it merely invites the circuit court to revisit its analysis if the circuit court so chooses. I therefore invite the circuit court to revisit its analysis in full, and in writing, for the benefit of the parties and future appellate courts.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 18, 2009

*Corbin R. Davis*
Clerk

s1215